UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL DEFENDERS OF NEW YORK, INC., on behalf of itself and its clients detained at the Metropolitan Detention Center – Brooklyn,<br><br>       Plaintiff,<br>  v.<br><br>FEDERAL BUREAU OF PRISONS and WARDEN HERMAN QUAY, in his official capacity,<br><br>       Defendants. | **MEMORANDUM<br>AND ORDER<br><u>TO SHOW CAUSE</u>**<br><br>No. 19-cv-660 |

    Plaintiff Federal Defenders of New York, Inc., brings the instant action against the Federal Bureau of Prisons and Warden Herman Quay (collectively "Defendants") alleging violations of the Sixth Amendment to the U.S. Constitution and the Administrative Procedures Act, 5 U.S.C. § 706, arising from the conditions of Plaintiff's clients' confinement at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Plaintiff, proceeding by order to show cause, sought an order to restrain and enjoin Defendants from failing to permit (1) daily legal visitation for all inmates at the MDC; and (2) social visitation for all inmates in accordance with the MDC's normal schedule and procedure. The Court held a hearing on February 4, 2019, at which counsel for Plaintiff and Defendants appeared.

    Plaintiff's submissions raise concerns regarding the conditions of its clients' incarceration, as well its clients' access to attorney visits and social visits. (*See* ECF Nos. 1, 5-7.) According to Plaintiff, legal visitation has been all but suspended since January 28, 2019. (Decl. Deirdre D. Von Dornum ("Von Dornum Decl."), Exs. A, B, D, F, ECF No. 7.) With respect to conditions within MDC, Plaintiff represented that inmates at MDC had not been provided heat, hot water, or additional blankets, notwithstanding below-freezing temperatures.

*See* Annie Correal, *No Heat for Days at a Jail in Brooklyn Where Hundreds of Inmates are Sick and 'Frantic'*, N.Y. Times (Feb. 1, 2019), https://nyti.ms/2UCOImd.  Inmates were unable to refill medication or receive necessary medical treatment, had not been provided clean clothing or bedding, and were locked in their cells for long periods of time without explanation.  (Von Dornum Decl., ¶¶ 31, 32, 35-38, 40-41, 43-44, 51-57.)  Plaintiff also has proffered evidence that Defendants' representations regarding conditions in MDC have been incomplete or inaccurate.  (*See* Mem. Law Supp. Pl.'s Appl. TRO, 4-7, ECF No. 5.)

If the conditions of confinement at MDC are as represented in Plaintiff's submissions, there can be little question that such conditions are constitutionally intolerable.  *See*, *e.g.*, *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) ("[P]rison officials violate the Constitution when they deprive an inmate of his 'basic human needs' such as food, clothing, medical care, and safe and sanitary living conditions.") (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002)); *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (noting that "low cell temperature at night combined with a failure to issue blankets" may establish an Eighth Amendment violation).  The Court, however, makes no finding with respect to the conditions of confinement at MDC.  Indeed, the temporary restraining order sought by Plaintiff is limited to Plaintiff's request to permit attorney and social visits.  The Court denies Plaintiff's request with respect to social visits, as Plaintiff has failed to articulate a cognizable claim for social visitation under the Sixth Amendment or the Administrative Procedures Act.  Conversely, Plaintiff has made the requisite showing with respect to attorney visits.

There is no question that an inmate's right to attorney visits is protected by the Sixth Amendment to our Constitution.  *See Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (holding that "unreasonable interference with the accused person's ability to consult counsel is

itself an impairment of the [Sixth Amendment] right."); *see also Maine v. Moulton,* 474 U.S. 159, 170 (1985) ("[T]o deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself."). Defendants do not challenge this principle. Instead, Defendants argue, in relevant part, that granting Plaintiff's requested relief would impede the ability of the Bureau of Prisons to address potential security concerns. The Court recognizes that security concerns are ever present in the prison context. This alone, however, does not permit the wholesale denial of a detainee's Sixth Amendment right.

The government has suggested that an order requiring attorney visits would mire the Court in the daily administration of MDC and, in any event, that the Court is without the authority to enter such an order. While the Court agrees that it should not endeavor to assume the administration of MDC, the Court is not only authorized but obligated to ensure that individuals confined in our federal institutions are provided with access to attorneys, as guaranteed by the Constitution. If not the courts, then who?

Of course, an institution like MDC, "must be permitted to use reasonable means to insure that its legitimate interests in security are safeguarded." *Wolfish v. Levi*, 573 F.2d 118, 124 (2d Cir. 1978), *rev'd on other grounds*, 441 U.S. 520 (1979). And, while courts "may disagree with the choice of means, . . . it is not wise . . . to second-guess the expert administrators on matters on which they are better informed." *Id.* Indeed, "[c]oncern with minutiae of prison administration can only distract the court from detached consideration of the one overriding question presented to it: does the practice or condition violate the Constitution?" *Id.* at 125. Here, the Court is not concerned with minutiae. Instead, it is solely focused on whether Defendants' alleged denial of access to legal visits since January 28, 2019, violates the Sixth Amendment. The Court finds that Plaintiff has at least demonstrated sufficiently serious

questions as to the constitutionality of Defendants' conduct and has met the other requirements for a temporary restraining order.

The standards for a preliminary injunction and temporary restraining order are identical. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). A party must demonstrate: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). *First*, the irreparable harm here, the denial of access to legal counsel, is apparent on its face. *Second*, Plaintiff has raised sufficiently serious questions going to the merits of its claim to make them a fair ground for litigation. *Third*, Plaintiff has demonstrated that the balance of hardships tips decidedly in its favor.

For the foregoing reasons, upon Plaintiff's February 4, 2019 submissions and the parties' February 4, 2019 arguments, it is therefore:

ORDERED, that Defendants show cause before this Court, in Courtroom 6F, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, on February 13, 2019, at 10:30 a.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Fed. R. Civ. P. 65 enjoining Defendants during the pendency of this action from (1) failing to permit daily legal visiting for all inmates at the MDC; and (2) failing to permit social visiting for all inmates in accordance with the MDC's normal schedule and procedures for such visits; and pursuant to Fed. R. Civ. P. 53 appointing a special master to inspect MDC and undertake the factfinding necessary to determine whether Defendants are protecting the

constitutional rights of inmates in their custody and complying with the injunction; and it is further

ORDERED that sufficient reason having been shown, therefore, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65 Defendants are temporarily required to reinstitute legal visiting at the MDC on the standard schedule: 8:00 a.m. to 8:00 p.m., seven days per week; provided, however, that should Defendants determine that security concerns necessitate the suspension of legal visiting for any period of two hours or longer, Defendants shall within two hours of such determination notify the Court and the Plaintiff of that determination and the reasons therefor, and within 24 hours of such determination Defendants shall file with the Court an application consisting of a sworn affidavit from Warden Quay that sets forth with specificity the reasons justifying the suspension; and it is further

ORDERED that personal service of a copy of this order and the papers upon which it is granted upon the Defendants or their counsel on or before February 5, 2019, at 12:00 p.m., shall be deemed good and sufficient service thereof.

Dated: Brooklyn, New York
      February 4, 2019

/s/ LDH
LaShann DeArcy Hall
United States District Judge