

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 24, 2020

**By ECF**
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.*,
              Civ. No. 19-cv-660 (MKB)(SMG) (E.D.N.Y.)

Dear Judge Brodie:

      This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of MDC in the above-referenced matter. We write in response to plaintiff's letter dated March 23, 2020 seeking that the Court enter an order regarding the appointment of former Attorney General Loretta Lynch as a mediator in this action. We write in advance of today's conference, as directed by the Court (see ECF Order dated Mar. 24, 2020) to express our objection to entry of the order as conceptualized and drafted by plaintiff for a number of reasons. We also enclose herewith a revised order that we submit more accurately reflects the statements on the role of the mediator by the Second Circuit and this Court.

      At the urging of the Second Circuit and this Court, defendants have consented to mediate this matter in good faith, and to do so on as expedited a basis as possible. But defendants' understanding of the role of the mediator, as well as the Second Circuit's suggestion to engage in mediation and this Court's own request that the parties agree to mediation (*see* ECF entry dated Mar. 23, 2020), is that the mediator's powers should conform with the standard set for this form of alternative dispute resolution, as provided in the Local Civil Rules:

> (a) Description. Mediation is a process in which parties and counsel agree to meet with a neutral mediator trained to assist them in settling disputes. The mediator improves communication across party lines, helps parties articulate their interests and understand those of the other party, probes the strengths and weaknesses of each party's legal positions, and identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute. In all cases, mediation provides an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action. A hallmark of mediation is its capacity to expand traditional settlement discussions and broaden resolution options, often by exploring litigant needs

>and interests that may be formally independent of the legal issues in controversy.

Local Civil Rule 83.8(a). In other words, defendants have not consented to entry of an order appointing a mediator that, as proposed by plaintiff, would confer upon the mediator powers akin to those wielded by the Court in the discovery or trial process, and which more closely resemble a court-appointed monitor.

Appointment of a monitor, which is the ultimate relief sought by plaintiff in this action (*see* Dkt. No. 1, ¶ 44), is inappropriate at this juncture because there has been no finding of liability by defendants; indeed defendants have not even had an opportunity to present a defense to the Complaint. *See Floyd v. City of New York*, 959 F.Supp.2d 668 (S.D.N.Y. 2013) (appointing a monitor only after court found that City had violated plaintiffs' constitutional rights); *Latino Officers Ass'n of City of New York v. City of New York*, 209 F.R.D. 79, 93 (S.D.N.Y. 2002) ("*If defendants are liable*, as plaintiffs allege, it is in everyone's interest to have the Court enter the equitable relief [of an independent monitor] that, if complied with, would prospectively remedy any wrong") (emphasis added). Further, defendants submit that the appointment of a Court monitor over an agency of the Executive Branch raises grave constitutional separation of powers concerns that need to be fully briefed by the parties and considered by the Court.

Nor has the Second Circuit required in any way the appointment of such a monitor. The Circuit's recommendation, taken in full, reads as follows:

>We therefore urge in the strongest possible terms that, as soon as the District Court again has jurisdiction over this case, it consider convening the parties to obtain their advice as to the appointment of an individual with the stature, experience, and knowledge necessary *to mediate this weighty dispute* and ultimately facilitate the adoption of procedures for dealing with ongoing and future emergencies, including the COVID-19 outbreak.

*Fed. Defenders of New York v. Fed. Bureau of Prisons*, No. 19-778, Dkt. No. 87 (2d Cir. Mar. 20, 2020). Thus, the appointment of a monitor is neither necessary to "effectuate the Mandate of the Court of Appeals" (ECF Dkt. No. 38-1), as plaintiff claims, nor is it appropriate at this stage of the proceedings.

Defendants note that the proposed order regarding mediation should be limited to the matters at issue in this litigation – addressing the parties' respective positions regarding challenges to legal visitation at MDC Brooklyn during a time of emergency. While defendants are willing to explore the Court's suggestion that, given potential overlap, we include MCC New York as part of the ongoing discussions in the interest of efficiency, this goes beyond the scope of the claims in the instant matter and its inclusion must be on the consent of the parties and not ordered by the Court. Further, it is important that the parties not conflate the other aspects of BOP's response to the current pandemic and ensuring the health and safety of inmates, staff, and the public, as doing so may interfere with ongoing discussions on these topics between this Office, the Courts, the Marshals, the Federal Defenders, BOP and other agencies in different forums.

Further, there is no need to imbue the mediator with powers to order the production of documents, much less on a 24-hour deadline basis. Such productions are more appropriate during the litigation discovery process, which has not yet begun and this mediation process is designed to *avoid* in the interest of efficiency. Further, the parties have not yet even discussed their respective positions, the mediator has not had the opportunity to consider whether document productions or site visits are even necessary to resolve the differences between the parties. Even if the Court were inclined to require document production as part of a mediation process, ordering it at this stage is premature. Nor does there appear to be any reason that the mediator would need to confer *ex parte* with, *inter alia*, clients of this Office without this Office's consent, which may be necessary in a monitorship but is not for mediation.

Finally, defendants respectfully submit that these practices akin to litigation may conflict with this Office's and MDC staff's efforts to marshal its resources to develop and implement policies regarding legal visitation given the current restrictions on visitation, and the mediation process should not unduly burden their ability to do so. Instead, in view of the goal expressed by the Circuit and this Court, defendants submit that the best way to bridge the differences between the parties and to devise cooperative, real-time solutions during this global pandemic is to utilize the recognized mediation practices in this district. Accordingly, the modifications we propose in the attached revised order embrace those practices.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:    /s/
        Seth E. Eichenholtz
        Sean Greene
        Assistant U.S. Attorneys
        718-254-7036
        seth.eichenholtz@usdoj.gov

cc:  Counsel of Record (ECF)