UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL DEFENDERS OF NEW YORK, INC., on behalf of itself and its clients detained at the Metropolitan Detention Center – Brooklyn,<br><br>*Plaintiff,*<br>v.<br><br>FEDERAL BUREAU OF PRISONS and WARDEN HERMAN QUAY, in his official capacity,<br><br>*Defendants.* | No. 19-cv-660 (MKB) |

**ORDER REGARDING THE APPOINTMENT
OF THE HONORABLE LORETTA LYNCH AS MEDIATOR**

WHEREAS, on March 20, 2020, the Court of Appeals for the Second Circuit vacated the order of dismissal that had been entered in this action and issued its mandate;

WHEREAS, the Court of Appeals urged in the "strongest possible terms" that this Court immediately consider "convening the parties to obtain their advice as to the appointment of an individual with the stature, experience, and knowledge necessary to mediate this weighty dispute and ultimately facilitate the adoption of procedures for dealing with ongoing and future emergencies, including the COVID-19 outbreak";

WHEREAS, the Court of Appeals further stated that such person should "diligently and speedily work to ensure that those incarcerated at the MDC and those who represent them have access to each other, and that the BOP — while maintaining its ability and authority to manage the facility in a safe way — takes every reasonable step to preserve the statutory and constitutional rights of the inmates and their counsel";

-2-

WHEREAS, the Court solicited the parties' views regarding the possible appointment of former Attorney General Loretta Lynch to serve in the role of a mediator as articulated by the Court of Appeals;

WHEREAS, at a telephone conference on March 23, 2020, the parties expressly consented to mediation and did not object to the appointment of the Honorable Loretta Lynch to serve in that role;

WHEREAS, at the March 23 conference, the Court appointed the Honorable Loretta Lynch to serve as mediator to facilitate the expeditious adoption of procedures for dealing with ongoing and future emergencies, including the COVID-19 outbreak, and to ensure that the Bureau of Prisons takes all reasonable steps to preserve the statutory and constitutional rights of the inmates at the MDC and their counsel, while maintaining the Bureau of Prisons' ability and authority to manage the facilities in a safe way;

IT IS HEREBY ORDERED that, in order to fulfill the role as mediator for which the Court has appointed her, the Honorable Loretta Lynch, directly or through any personal designee, may:

- Communicate with the parties on an *ex parte* basis;

- Demand non-privileged information from the parties in the form of documents or answers to questions within specified time periods, on the understanding that the Court may order the production of information should a party resist any such demand;

- Communicate with members of the Judiciary, court staff, experts, and other individuals, without the involvement or presence of the parties;

- Communicate with Federal Defenders officials, Bureau of Prisons officials, and inmates on notice to counsel for the parties;

- Make a weekly status report to the Court;

- Make recommendations regarding the mediation to the Court;

- If the mediator deems it necessary, make an initial inspection of the MDC shortly after the date of this order and, at any point, on notice to the parties, request additional court orders permitting access to the MDC following that initial inspection; and

- Exercise any such additional powers that the Court may grant as necessary to fulfil her designated role as mediator.

IT IS FURTHER ORDERED that the information gathered by the Honorable Loretta Lynch cannot be used outside the context of this mediation process.

In addition, although not a party to the litigation, MCC is participating in the mediation consensually and has agreed to the terms above on a voluntarily basis, and not as a court order.

| | |
|---|---|
| Dated: Brooklyn, New York<br>March 24, 2020 | SO ORDERED:<br>s/ MKB<br>_____<br>MARGO K. BRODIE<br>United States District Judge |