

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 27, 2020

**By ECF**
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Fed. Defenders of New York, Inc. v. Fed. Bureau of Prisons, et al.*
Civil Docket No. 19-cv-660 (Brodie, J.)(Gold, M.J.)

Dear Judge Brodie:

This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC") in the above-referenced matter. We write pursuant to the Court's May 15, 2020 order requiring Defendants to provide a status report ahead of the May 29, 2020 status conference in this matter. As set forth in more detail below, Defendants continue to provide the individuals in their custody with sustained and meaningful access to counsel through telephone calls and video teleconferences ("VTCs"). Defendants continue to work with the mediator to address issues raised by Plaintiff while simultaneously developing longer term plans that will enable the government to confront challenges posed by the ongoing pandemic as it evolves. Defendants believe the mediation process continues to be helpful in achieving these goals.

### A. Defendants' Ongoing Efforts to Provide Meaningful Legal Access Despite Challenges Posed By the Ongoing Pandemic

As an initial matter, we briefly review the extensive efforts BOP has undertaken since the outset of the pandemic to ensure that the individuals in their care have meaningful legal access. Since March 13, 2020, when in-person legal visitation was canceled (with few exceptions) at all BOP facilities as part of an effort to mitigate the spread of COVID-19, MDC and the Metropolitan Correctional Center in New York, New York ("MCC") administration and staff have worked to provide alternatives for in-person access, subject to limitations required to stem the spread of the virus.

To that end, in addition to inmates' continued access to unmonitored telephones that connect to Plaintiff, BOP has developed an entirely new system to allow for attorneys to schedule legal calls with their clients. This involved dedicating Unit Team staff to set up and place legal calls. The process is staff intensive – requiring a staff member to escort each inmate to the Unit Team office, visually observe the inmate for the entirety of the call (to ensure, among other things,

*Hon. Margo K. Brodie*
*May 27, 2020*
*Page 2*

that the inmate does not use the unsecured telephone for other purposes), and escort the inmate back to his or her cell. To facilitate this process, BOP took the extraordinary steps of providing 24 new VTC units to the facilities and detailing 20 staff members from other institutions whose sole roles at MDC and MCC are to implement the legal call system. As a result of these efforts, MDC and MCC have been successfully scheduling and placing the legal calls as scheduled by the Federal Defenders. Further, the steps taken by the prisons have allowed the institutions to eliminate the backlog of call requests that initially resulted following the nationwide lockdown, and to keep pace with current demand.

Additionally, both facilities have developed a reliable tracking system to ensure the system is working properly, and to quickly identify and address issues. As a result of feedback received through this system, for example, MDC staff retrofitted an office in its Special Housing Unit ("SHU") specifically to allow for confidential legal calls.

In addition to telephone calls, both facilities currently provide attorney-client VTCs. MCC places approximately four 30-minute VTCs per day that an attorney can access using web-based video conferencing software. MDC currently places two 30-minute VTCs per day that an attorney can access using web-based video conferencing software. In addition, MDC continues to schedule up to 10 VTCs per week using a dedicated VTC unit, and that unit requires that an attorney go to the United States District Courthouse in order to participate in the call. Eight calls scheduled for the dedicated VTC unit last 30 minutes, and two last two hours.[1]

The interventions by BOP outlined above required a herculean effort by BOP management and staff, including significant planning, approval, contracting, hardware installation, and staff reassignment, movement and training—all in a relatively short period of time. As discussed below, BOP continues to rise to the challenge.

B. Status of Legal and VTC Calls This Week

Over the past week, both facilities have successfully attempted all calls scheduled by Federal Defenders. Since May 20, MDC and MCC have successfully completed over 300 calls without issue.

Plaintiff has identified nine calls at MDC that were scheduled but not completed this past week. Of the nine calls: one could not be completed because Federal Defenders provided an incorrect telephone number for the requesting attorney; one was scheduled for an inmate that had been transferred out of the institution; and seven calls were attempted but the attorneys did not answer the calls.

MDC also uses some hours in the morning to increase its call capacity. MDC successfully completed all of the calls Plaintiff scheduled for this time period. In addition, MDC staff

---

[1] To put these VTC arrangements in perspective, MDC and MCC are at the forefront of BOP's use of VTCs for attorney-client calls and, to this day, many other federal facilities in major metropolitan areas continue to reserve VTC units only for court proceedings.

*Hon. Margo K. Brodie*
*May 27, 2020*
*Page 3*

occasionally place calls to attorneys to see if they are agreeable to rescheduling afternoon calls for the morning. Plaintiff has raised an objection to this practice when attorneys are not notified in advance. Plaintiff has flagged seven such calls over the past week (as opposed to the more than 150 calls placed at the time scheduled). Of these seven calls, two of them were successfully scheduled and placed in the morning hours because the attorney and MDC staff agreed in advance to do so. On another occasion, the attorney was unable to take the call in the morning and the call was then provided at the originally scheduled time. On two other occasions involving calls placed on Memorial Day (May 25), MDC placed calls at a different time than the attorney expected because Federal Defenders provided MDC with a "revised" schedule at 8:24 pm on Sunday, May 24 that did not include scheduled call times. As a result, the staff facilitating the calls on the morning of March 25 based on this revised schedule were unaware that the calls were initially scheduled for a specific time. The remaining two calls took place yesterday, and we are working to confirm these calls were placed at a later time that worked for counsel.

Plaintiff has also alleged that there was one telephone call in each institution this week where there was a privacy issue. We will investigate the circumstances of these calls, and note no other complaints were registered about any calls facilitated by the same staff members on the same units. As such, we are confident that staff continue to ensure the privacy of these calls.

Earlier today, we were also made aware by Plaintiff that there are 17 call requests for the MDC and four call requests at MCC that Plaintiff had not yet scheduled and that are more than two days old (the "overflow calls"). To be clear, these are *not* scheduled calls that the facilities did not attempt within 48 hours. Rather, these are calls requests that Federal Defenders have not yet been able to schedule. We share in the goal in eliminating any overflow calls. We have been able to successfully use the morning hours at MDC to reduce the overflow. Further, we are analyzing the information provided just this morning by Plaintiff to see what additional steps the facilities can take to reduce the backlog. For example, of the 17 overflow calls at MDC, at least five appear to be on a floor with a heavy demand, but at least two overflow call requests are for inmates housed on a floor where call slots were underutilized during this past week. We will continue to work with the mediator to ensure that the overflow call list is addressed.

### C. Planning For Expanded Legal Access

The parties agree that full, in-person access between attorneys and clients is preferable. The parties further recognize that the challenges associated with providing in-person access will change as the national and local responses to the COVID-19 pandemic continue to evolve. Defendants have been continuously evaluating these issues, and intend to resume in person access as soon as possible, considering guidance from BOP's central and regional office, as well as public health entities. Plaintiff recently asked BOP to provide a plan to expand (and provide lengthier) VTC access, as well as a plan to resume in person visitation with concrete timelines. With the understanding that there are any number of variables beyond BOP's control in achieving these goals, we will work in the coming weeks to provide the mediator and Plaintiff with more detail regarding BOP's plans to achieve these ends. In exchange, we have asked that Plaintiff clearly and specifically communicate their needs in this regard as circumstances (*e.g.*, increasing court proceedings) change, and for their understanding that BOP's plans, of necessity, will continue to evolve and will be guided by the needs of each institution.

*Hon. Margo K. Brodie*
*May 27, 2020*
*Page 4*

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          United States Attorney

                            By:          /s/
                                          Seth D. Eichenholtz
                                          Sean P. Greene
                                          Assistant U.S. Attorneys
                                          718-254-7036/6484
                                          seth.eichenholtz@usdoj.gov
                                          sean.greene@usdoj.gov

cc: Counsel of Record (ECF)

    Jeffrey Oestericher
    David Jones
    Assistant U.S. Attorneys
    Southern District of New York