

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 24, 2020

**By ECF**
The Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Fed. Defenders of New York, Inc. v. Fed. Bureau of Prisons, et al.*
             Civil Docket No. 19-cv-660 (Brodie, J.)(Gold, M.J.)

Dear Judge Brodie:

      This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center in Brooklyn, New York ("MDC") in the above-referenced matter. We write pursuant to the Court's June 12, 2020 order requiring Defendants to provide a status report ahead of the June 26, 2020 conference in this matter addressing Defendants' efforts to facilitate legal access for individuals housed at MDC and the Metropolitan Correctional Center in New York, New York ("MCC"). As set forth in more detail below, over the past two weeks, Defendants have continued to implement their plan of expanded video teleconference ("VTC") access at both institutions. Defendants also continue to work with the mediator to address issues raised by Plaintiff while simultaneously developing longer term plans that will enable the government to confront challenges posed by the ongoing pandemic as it evolves. Defendants believe the mediation process continues to be helpful in achieving these goals.

      **A. Defendants' Continued Efforts to Expand Legal Access**

      As discussed in Defendants' June 10 report, *see* Dkt. No. 67, on June 2, Defendants provided Plaintiff and the mediator with a plan for an immediate, short-term expansion of VTC access at both MDC and MCC. At MDC, the plan doubled the prison's VTC capacity during the 12:30-3:30 pm "legal call" hours, providing capacity for four 30-minute VTCs each day. MDC also increased the use of its VTC unit that connects directly with the Court to provide eight one-hour VTC calls per week, and two two-hour VTC calls per week. The plan represented a 69% increase in capacity upon implementation during the week of June 8, and Defendants are pleased to report that MDC has continued to offer this expanded level of VTC access through this week.

      Additionally, MDC continues to provide capacity to facilitate 150-200 legal telephone calls per week. While the BOP's authorization of temporary, supplemental staffing detailed to the MDC expired at the end of last week, resulting in the cessation of evening-hour calls for the time-being,

*Hon. Margo K. Brodie*
*June 24, 2020*
*Page 2*

Defendants continue to discuss this issue internally to explore ways to maintain expanded access, whether or not these supplemental resources are reauthorized.

Since the June 10 report, MCC also has expanded its VTC capacity, by supplementing its extant schedule of two (2) hours of VTC capacity every weekday afternoon with three (3) morning hours of VTC communications every weekday. In other words, MCC now provides five (5) hours of VTC access every business day, representing a 150% increase in capacity.[1] Further, since the last report, all requests for legal telephone calls at MCC have been accommodated.

Both facilities have continued to accommodate emergency requests for legal calls outside of the scheduled time slots, including requests for lengthy calls.

Finally, Defendants note that their success in continuing to offer meaningful and robust attorney-client access is tied in large measure to their ability to efficiently manage the time of their staff. That, in turn, is dependent on receiving reliable information from the Federal Defenders and the Defenders' provision of complete information to defense counsel whose calls they schedule. A recurring challenge in that regard has been Plaintiff's production of incorrect or incomplete contact information for defense counsel, or Plaintiff's apparent failure to provide all necessary information to defense counsel. For example, last week, MDC documented six (6) instances in which Federal Defenders: provided the wrong telephone numbers for inmates' counsel; provided the wrong call time to inmates' counsel; and failed to provide instructions to defense counsel for connecting to VTCs. We recently provided the Federal Defenders with the underlying data, and they have begun to investigate these issues. Defendants know well how difficult it is to coordinate the volume of calls and VTCs requested each week, and are optimistic that this feedback will allow Federal Defenders to improve its system of disseminating information, and by extension, ensure that all requested calls are facilitated timely.

### B. Planning for Resumption of In-Person Legal Visitation

Over the past several weeks, MDC has conceptualized and drafted a plan in preparation for the eventual resumption of in-person legal visitation at the prison, once cleared to do so by BOP leadership and public health guidance. The draft plan is currently under review by management at the institution. MCC also has begun the process of developing its plan, and expects to produce a draft for management review shortly. Once completed, each of the draft plans will be reviewed at BOP's regional and national levels over the course of the coming weeks.

Last week, Plaintiff provided to Defendants and the mediator a letter containing a number of suggestions for health protocols that Plaintiff proposed BOP incorporate into its planning for in-person visitation at both MDC and MCC. Defendants have reviewed the proposals, understand the concerns raised in Plaintiff's letter, and are pleased to report that the institutions have anticipated a number of the concerns raised and intend to keep Plaintiff's suggestions in mind as they develop and finalize their plans. Defendants expect to engage further with Plaintiff on their

---

[1] MCC only alters this schedule to the extent required by the courts for inmates' criminal proceedings on Mondays, Wednesdays and Fridays.

*Hon. Margo K. Brodie*
*June 24, 2020*
*Page 3*

proposals, and identify any areas of potential disagreement, during and following the parties' joint mediation session, scheduled for June 25.

As Defendants acknowledged during the June 12 conference with the Court, we anticipate that, following the resumption of in-person visitation, there will be a transition period, involving use of several modes of legal access—VTC, telephone calls and in-person visitation. We expect that the right balance of those modes of access at the MDC and MCC will come into clearer focus as the institutions' plans solidify, discussion with Plaintiff continues, and public health conditions dictate. Defendants will share their views with the mediator and Plaintiff as soon as they are able to do so.

### C.  Response to Plaintiff's Concerns over Legal Mail

As the mediator noted in her June 18 report, *see* Dkt. No. 72, the Federal Defenders have continued to raise concerns about discrete instances in which legal mail was reported to have been opened outside of the inmates' presence at both the MDC and MCC.[2] As a general matter, the MDC and MCC have determined that these reports appear to be unfounded. The prisons have published guidance, based on BOP regulations, and trained staff on the procedures for handling, delivering and opening properly-marked legal mail.[3] MDC and MCC's review has shown that staff are following these procedures. On a number of occasions, the institutions have found that reports of opened legal mail have arisen from instances in which counsel has improperly or insufficiently marked the mail to denote the sender as an attorney. The problem, therefore, appears to be rooted in defense counsel's failure to follow the regulations. In an effort to help encourage compliance with the regulations and facilitate confidential handling of legal mail, MDC has provided a copy of its written guidance together with an exemplar of properly-marked legal mail to Plaintiff. We understand, based on the Federal Defenders' representation at the June 12 status conference, that Plaintiff will disseminate this information among the defense bar. Defendants will continue to work with the Federal Defenders, including welcoming feedback after they have disseminated the guidance, to determine whether any additional staff training is necessary.

---

[2] On June 11, the Federal Defenders provided to Defendants a list of 14 general complaints the Defenders received second-hand about legal mail, the majority of which pertained to alleged *delays* in receiving mail. Only six (6) complaints, unsupported by any evidence, pertained to *opened* mail. And none of the complaints provided information allowing MDC to corroborate counsels' allegations, such as inmate names.

[3] Defendants note that, contrary to Plaintiff's suggestion, the temporarily-detailed supplemental staff at the institutions are not processing and opening mail; these tasks are reserved to permanent MDC and MCC-based (and trained) BOP employees.

3

*Hon. Margo K. Brodie*
*June 24, 2020*
*Page 4*

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE
                                              United States Attorney

                              By:          /s/
                                              Seth D. Eichenholtz
                                              Sean P. Greene
                                              Assistant U.S. Attorneys
                                              718-254-7036/6484
                                              seth.eichenholtz@usdoj.gov
                                              sean.greene@usdoj.gov

cc:  Counsel of Record (ECF)

     Loretta E. Lynch
     Roberto Finzi
     Tony Joe
     Paul, Weiss, Rifkind, Wharton & Garrison LLP

     Jeffrey Oestericher
     David Jones
     Assistant U.S. Attorneys
     U.S. Attorney's Office, S.D.N.Y.