**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

August 5, 2020

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>    Re:   *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19 Civ. 660 (E.D.N.Y.)

Dear Judge Brodie:

We write on behalf of the Federal Defenders, pursuant to the Court's Order dated July 29, 2020, to provide an update on the currently disputed issues between the parties: (1) the resumption of in-person legal visiting and allowing the Federal Defenders to engage in a walk-through of the MDC and MCC legal visiting areas before that occurs, (2) legal VTCs and telephone calls, and (3) problems relating to legal mail.

**Resumption of in-person visiting.** As Your Honor is aware, the Federal Defenders have requested that prior to the resumption of in-person legal visiting at the MDC and MCC—which could occur any day, to our understanding—a representative from Federal Defenders be allowed to participate in a walk-through of the modified legal visiting areas at both facilities prior to those areas reopening. As Your Honor noted at our latest conference, such a visit "would be helpful for everyone," and the Defendants should "try as hard as possible to make it possible for that to happen." Tr. of July 24 Conf. at 12. Judge Gold agreed, noting that "a site visit in advance is going to be very important." *Id.* at 13.

Although the Defendants have now stated they are "not opposed in principle" to the Federal Defenders visiting the MDC prior to the full reopening of in-person visitation, Dkt. 88 at 3, they have also indicated that (i) they have not yet received permission for such a walkthrough from the BOP, and (ii) they see no urgency in such a walkthrough. As to the first point, we would respectfully ask that the Court direct Defendants to seek this permission. As to the second, it is our understanding that in-person legal visiting could have reopened on August 1 (and, indeed, Defendants could not tell the Federal Defenders even by July 31 whether or not the MDC and MCC would reopen for in-person visits on August 1), and could reopen at any time. Moreover, postponing a walkthrough until all the final modifications to the legal visiting areas are made, as

KAPLAN HECKER & FINK LLP

2

Defendants seem to request in their status report today, would prevent the Federal Defenders from any meaningful opportunity to provide constructive feedback on the legal visiting spaces and safety measures while modifications are still able to be made.[1]

If necessary, the Federal Defenders will ask Your Honor to issue an order requiring the Defendants to allow the Federal Defenders to visit the MDC sufficiently in advance of the resumption of in-person visiting such that the Federal Defenders' feedback can be meaningfully incorporated into the Defendants' plans. We hope that the MCC will agree to do the same on a voluntary basis.

**VTC and telephone calls.** As the Federal Defenders have noted previously, the evening hours implemented at the MDC and MCC have been helpful in addressing the overflow issues that the parties have discussed both with the Court and the mediator. As Your Honor noted, "[a]lthough it hasn't fully eliminated the backlog, it has made a huge difference." Tr. of July 24, 2020 Conf. at 18. We agree with Your Honor that "the evening hours are necessary," and that it was proper— and effective—for Your Honor to have "issued [an] order requiring [Defendants] to utilize the evening hours to place calls as a result of that." *Id.* We are confident that with that order in place, the parties, with the helpful assistance of the mediator, will continue their efforts to find a workable solution as to VTC and telephone calls. In fact, the MCC has offered additional morning VTCs beginning this week to help address a backlog of VTC requests that the parties discussed. We very much appreciate these efforts.

In their status report filed this evening, Defendants argue as to the specific calculation of what constitutes an "overflow" call.[2] *See* Dkt. 88 at 1-2 & n. 1. Federal Defenders have labeled any call or VTC that has been waiting to be scheduled more than 48 hours *since the first possible date on which it could be scheduled* as overflow. Thus, where an attorney has indicated a "drop-dead" date of, *e.g.*, 8/7 for the VTC to occur, but had made the request on 7/27, this is an overflow call as of 7/30. In any event, whether the overflow is 8 calls or 14, the fact is that without the evening calls, the overflow would be double that, showing the necessity of evening slots continuing to be offered.

---

[1] It is our understanding that just such feedback has already proved useful to the facilities on matters pertaining to legal visits that don't involve the physical facility. For example, the Federal Defenders have sought to address in advance issues related to the logistics of scheduling in-person legal visits, and have been in discussions with the MCC (but not the MDC) about implementing an online scheduling system that, the Federal Defenders understand, other institutions have implemented successfully. For another example, the Defendants have represented that there is no practical way to incorporate COVID-19 testing into any plan to re-open in-person legal visiting, but the Federal Defenders are not so sure, and would implore the Defendants to consider options they understand to be available, such as point-of-care COVID-19 testing that would potentially allow for results within 30 minutes.

[2] Defendants refer to one request by someone who is not an attorney. *See* Dkt. 88 at 1 n.1. We assume that refers to Dr. Eric Goldsmith, who was clearly listed on the legal call spreadsheet as having requested a VTC in order to conduct an expert examination, at the request of the defendant's attorney. Dr. Goldsmith is a court-approved expert who frequently examines defendants at the MDC in connection with their criminal cases. It is hard to see how this would not fall within a criminal defendant's Sixth Amendment access rights. Similarly, we will continue these discussions with Defendants outside of Court unless we reach an obstacle, but we note here that the Federal Defenders do not agree that consultation with criminal defendants by immigration lawyers consulting on their criminal cases or civil lawyers working on active lawsuits against the BOP on behalf of criminal defendants should be deprioritized.

KAPLAN HECKER & FINK LLP

3

   Finally, as Defendants indicate, the parties are discussing additional questions that could be asked of legal call requestaors to help the BOP perform its function of screening requests to ensure they are legal (rather than social) calls.

   **Legal mail.** As previously reported, BOP officers destroyed or confiscated substantial amounts of legal mail and other legal documents during a contraband sweep at the MDC between June 26 and June 29. At the July 20, 2020 conference, Your Honor directed the government to report back to the Federal Defenders, through the mediation process, on "the manner in which legal mail was treated." Tr. of July 10, 2020 Conf. at 27. On July 22, 2020, the Defendants represented to the Court that they "continue to investigate Plaintiff's allegations regarding the damaging or seizing of legal materials during institutional searches three weeks ago," Dkt. 85 at 3, and they have since offered to try to find the legal materials seized so that they can be returned. To date, no inmate has received his legal materials back.

*   *   *

   Thank you for your continuing assistance.

Respectfully submitted,

/s/ Sean Hecker  
Sean Hecker

cc: Counsel of Record (by ECF)  
   Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)  
   Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)  
   Edward Nasser, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)  
   Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)  
   David Jones, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)