

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 2, 2020

By ECF
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Fed. Defenders of New York, Inc. v. Fed. Bureau of Prisons, et al.*
             Civil Docket No. 19-cv-660 (Brodie, J.)(Gold, M.J.)

Dear Judge Brodie:

      This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center ("MDC") in the above-referenced matter. We write pursuant to the Court's August 21, 2020 order requiring Defendants to provide a status report ahead of the September 4, 2020 conference in this matter addressing legal access for individuals housed at the MDC and the Metropolitan Correctional Center in New York, New York ("MCC"). As set forth in more detail below, Defendants continue to implement their plan of expanded telephonic and video teleconference ("VTC") access at both institutions. Defendants also continue to work with the mediator and Plaintiff toward the resumption of regular in-person visitation at both institutions.

      **A.  The Robust Legal Access Provided by the Institutions**

      MDC and MCC continue to offer legal access every weekday, during the morning, afternoon, and evening. Both institutions continue to commit to maintaining a robust level of remote access until in-person visitation resumes. Plaintiff has advised Defendant that, over the course of the past week, a limited number of calls requests on one floor of MDC have been pending for more than 48 hours. It appears this recent, isolated overflow is the result of a combination of unforeseen issues including an unusually high demand for calls to inmates housed on the particular floor involved. Defendants will work with Plaintiff through the mediation process in order to address this issue, and the parties do not expect it to continue over the long term.

      **B.  Planning for Resumption of In-Person Legal Visitation**

      Both MDC and MCC continue to prepare for the resumption of regular in-person visiting.

      At MDC, we expect regular in-person visiting to resume on Thursday, September 10. In anticipation of restoring in-person visiting, MDC continues to address the issues raised by Plaintiff following the walk through of the facility on August 16. The parties discussed many of these

issues earlier today, and Defendants anticipate continued collaboration with Plaintiff throughout the week. Defendants are also working to set up telephone calls with MDC officials for early next week to discuss some of the outstanding issues ahead of the resumption of legal visitation.

Most importantly, as described to the Court during the August 21, 2020 status conference, MDC has started to accommodate pending requests for in-person legal visits on a case-by-case basis as a first step toward fully resuming in-person legal visitation. For weeks, including during mediation calls and during the MDC walk through, the parties had discussed having a small number of stand-alone "test" in-person legal visits as a prelude to the resumption of regular in-person legal visitation.

As of Wednesday, August 26, MDC had received three requests for in-person legal visits over the course of the previous two weeks.[1] That morning, Defendants confirmed to Plaintiff that they would conduct these previously discussed test visits on Thursday, August 27 and Friday, August 28, and would report any issues uncovered during the visits to the parties and the mediation team. BOP counsel Holly Pratesi then contacted each of the three requestors to inquire as to whether they were available to conduct their in person legal visit on either Thursday, August 27 or Friday, August 28. Of the three requests, one of the counsel who requested a visit with his client was unavailable on either day. MDC scheduled counsel for the other two inmates, all of whom were available for visits on either day, for Thursday and Friday, respectively. The Thursday visit was approximately four hours long, and the Friday visit was approximately three hours long.[2] Both visits took place without incident.

Since these visits, MDC has received approximately five additional requests for case-by-case legal visits, and has been working to schedule them prior to the resumption of full in-person legal visitation – including arranging one such visit for Plaintiff that took place earlier today.

On Monday, August 31, Defendants communicated to Plaintiff the proposed process for scheduling legal visits once in-person legal visiting fully resumes. In short, requests for in-person visits will be submitted to a designated e-mail address at MDC. Defendants requested that, whenever possible, these requests be sent at least 72 hours in advance, although staff will do their best to accommodate urgent requests made on shorter notice.

Regarding resumption of legal visiting at MCC, members of the mediation team, MCC staff, attorneys from Federal Defenders, and attorneys from the United States Attorney's Office for the Southern District of New York, will conduct a site visit at the MCC on Thursday, September

---

[1] MDC previously received two requests for in-person visiting in March and one in July. MDC staff responded to these requests and provided alternative methods of legal access. MDC considers these requests resolved and scheduled the August visits based on unaddressed, pending requests.

[2] While routine legal visits will be scheduled in one-hour blocks, case-by-case visits can be longer, if requested. Additionally, routine legal visits can also be longer than one hour, but the time slots for those visits are more limited.

3. After the visit, the parties will address any issues that arise through the mediation process and MCC will set a date for the resumption of in-person legal visiting at that facility.

### C. Inaccurate Characterizations Of Last Week's Case-by-Case Visits at MDC

Defendants are compelled to correct inaccurate characterizations that surfaced last week regarding the first test visits at MDC. As detailed above, last week (and on notice to Plaintiff), MDC allowed the first two in-person legal visits since the cessation of legal visitation as part of a long discussed step toward resuming full in-person legal visitation. After these visits completed, it was widely reported that the Friday, August 28 visit was the "first" in person visit and that it was provided to a particular defendant in a high-profile case.[3] This was wrong: as discussed above, the first visit was on Thursday, August 27, and that first (and longer) in-person visit was provided to a completely different individual. Further, as MDC anticipated increasing opportunity for in-person legal visits in the coming weeks, MDC staff scheduled these test visits from among the three requests already received based only on which counsel were available on the days offered.

Unfortunately, Plaintiff and its counsel elected not to reach out to the undersigned or the mediation team – as they should have – to address any concerns about scheduling until after its counsel sent out a tweet repeating the inaccurate information and criticizing the Defendants based on that information.[4] This is especially troubling because it represents a harmful departure from the ongoing, productive conversations between the parties. Further, a conversation between the parties could have avoided much of the misunderstanding that existed regarding the visit. To that end, earlier today the parties have discussed ways to resolve any further lapses in communication in order to prevent further incidents like this one.

Finally, we note that MDC's continuing efforts to provide legal access are not limited to one legal visit opportunity. MDC continues to provide access for almost 200 individuals each week through its robust telephone and VTC access, and will continue to schedule case-by-case requests for in-person visits – including one two-hour conference arranged today for Plaintiff – as they are received until in-person visiting fully resumes on September 10.[5]

---

[3] *See*, *e.g.*, https://www.cnbc.com/2020/08/28/jeffrey-epstein-friend-ghislaine-maxwell-gets-jail-visit-despite-coronavirus-rules.html

[4] https://twitter.com/hecker_sean/status/1299405089145266177

[5] As stated previously, after regular in-person legal visiting resumes MDC will continue providing the same telephone and VTC access for a period that allows the parties to evaluate the demand in light of the resumption of in-person visiting and discuss any proposed change in telephone and VTC offerings.

We thank you for Your Honor's consideration of this matter.

                        Respectfully submitted,

                        SETH D. DuCHARME
                        Acting United States Attorney

By:       /s/
                        Seth D. Eichenholtz
                        Sean P. Greene-Delgado
                        Matthew J. Modafferi
                        Assistant U.S. Attorneys
                        718-254-7036/6484/6229
                        seth.eichenholtz@usdoj.gov
                        sean.greene@usdoj.gov
                        matthew.modafferi@usdoj.gov

cc:     Counsel of Record (By ECF)

        Loretta E. Lynch
        Roberto Finzi
        Edward Nasser
        Paul, Weiss, Rifkind, Wharton & Garrison LLP

        Jeffrey Oestericher
        David Jones
        Assistant U.S. Attorneys
        U.S. Attorney's Office, S.D.N.Y.