**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

September 3, 2020

By ECF
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Fed. Defenders of New York, Inc. v. Fed. Bureau of Prisons, et al.*
           Civil Docket No. 19-cv-660 (Brodie, J.)(Gold, M.J.)

Dear Judge Brodie:

This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center ("MDC") in the above-referenced matter. We write in response to the portion of Plaintiff's September 2, 2020 status report that seeks relief from the Court, namely an Order that a BOP representative with "decision-making authority" attend and participate in every on-going mediation session. For the reasons set forth below, Plaintiff's request, which was discussed with neither Defendants nor the mediator prior to being presented to the Court, should be denied.

As an initial matter, representatives from the MDC and MCC already participate on each call and share their knowledge of the institutions and their operations. In addition, Defendants already facilitate calls between the mediator and appropriate MDC and BOP officials expeditiously when requested by the mediator to do so.

The mediator has never suggested that adding participants on a regular basis would be helpful to the process, and Defendants submit that it would not. Through the mediation process, the parties exchange ideas and concerns as they arise, and the parties often must confer privately with their counsel following joint mediation sessions so that ideas and proposals can be thoroughly and adequately considered, and alternatives approved and presented to the full group. Even if a higher-ranking BOP official participated in each of the mediations calls, Defendants' counsel would nevertheless need time to discuss the issues raised before making recommendations to the client. The client would not "bind" the Government on the spot in the absence of those discussions and recommendations, nor is there any reason the client should be compelled to do so.

Finally, Defendants also note that Plaintiff did not confer in good faith with the defense team or the mediation team about its request, nor did they raise this issue on the joint mediation call that took place yesterday, prior to the submission of the status letters.

Accordingly, for all of these reasons, the Court should deny Plaintiff's request for an Order requiring Defendants to add additional client representatives to the regular mediation calls.

We thank you for Your Honor's consideration of this matter.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:      _____/s/_____

Seth D. Eichenholtz
Sean P. Greene-Delgado
Matthew J. Modafferi
Assistant U.S. Attorneys
718-254-7036/6484/6229
seth.eichenholtz@usdoj.gov
sean.greene@usdoj.gov
matthew.modafferi@usdoj.gov

cc:      Counsel of Record (By ECF)

Loretta E. Lynch
Roberto Finzi
Edward Nasser
Paul, Weiss, Rifkind, Wharton & Garrison LLP

Jeffrey Oestericher
David Jones
Assistant U.S. Attorneys
U.S. Attorney's Office, S.D.N.Y.