# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

December 2, 2020

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19 Civ. 660 (MKB)

Dear Judge Brodie:

      We write on behalf of the Federal Defenders to provide an update pursuant to the Court's Order dated November 13, 2020.

      **In-person visiting.** In-person visiting has been curtailed in recent weeks because one floor at the MDC and five units at the MCC (the five primary pretrial units) have been placed under quarantine as a result of coronavirus outbreaks at the facilities. We understand that some of these units may be under quarantine for weeks to come. We are concerned about the lack of clear and prompt communication from the BOP regarding these curtailments. Most attorneys learn that a client is under quarantine only when their request for an in-person visit is rejected—often several days after that request was made—at which point it can take three to five more days before they are able to schedule a legal call or VTC. Other attorneys do not learn that a client is under quarantine until they arrive at the facility for a scheduled visit, even further prolonging the overall time for getting any form of legal access.

      We have asked the government to affirmatively communicate changes in the status of all units at the MDC and MCC, both to assist with prioritizing remote access for clients who cannot receive in-person visits and to allow the Federal Defenders to inform people requesting remote visits when in-person visiting has resumed. We have discussed the issue in mediation, but the government has not yet committed to providing that information as it becomes available and at present plans to continue in the current fashion: telling attorneys one-by-one as they request and await legal visits. Given that the BOP's failure to promptly and accurately communicate about legal visiting curtailments has been at the heart of this litigation from the beginning, we expect to continue pursuing this issue in mediation.

KAPLAN HECKER & FINK LLP

2

      Where in-person visiting is available, concerns about safety remain. We continue to receive reports that staff are not wearing masks or wearing masks improperly, which makes defense attorneys worried about their own safety and the safety of the family members they come home to. We understand that the government has worked with the wardens to attempt to address these masking issues. We will continue to raise our concerns with the government in mediation until the facilities and their staff come into compliance with applicable rules and safety standards.

      We also continue have concerns about air quality at both the MDC and MCC, which we have noted to the Court on numerous occasions and which existed long before in-person visiting resumed in September. *See* Doc. Nos. 103, 108, 113, 118, 123. Specifically, we have requested for months that Dr. Rainald Lohner, who serves as both the Federal Defenders' and the courthouse's HVAC expert, be permitted to conduct or observe vapor tests in the legal visiting areas of both facilities. As of November 11, we understood that the government would permit such testing to take place within a week or so. *See* Doc. No. 123 at 2. Those tests have yet to take place, and the government has not been able to tell us when or if those tests will be permitted.

      **Telephone calls and VTCs.** Legal telephone calls and VTCs remain critical means for guaranteeing access to counsel. We have seen especially high demand for such remote access on certain units at both facilities—specifically, floor 7 of the MDC and units 5N, 5S, 7N, and 7S of the MCC. This is in part due to the new quarantines which limit in-person visiting; in part due to the scheduling of presentencing interviews, which take up two hours each day of the time that would be typically dedicated to multiple remote legal visits; and in part due to the regular needs associated with units that principally house pretrial inmates. Moreover, unlike at the beginning of the pandemic, new arrests continue at pre-pandemic levels, which increase the need for legal access even further.

      We have made multiple requests of both institutions to increase capacity on the units where demand is especially high. The MCC has said that it is exploring ways to add more remote access, with the goal of having a plan in place this week. The MDC has said that it has no intention of increasing capacity at present given staffing and facility-related limitations.

*   *   *

      Thank you for your continued attention to these important issues.

      Respectfully submitted,

      /s/ Sean Hecker
      Sean Hecker

cc:    Counsel of Record (by ECF)
       Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Edward Nasser, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)
       David Jones, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)