

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 2, 2020

By ECF
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Federal Defenders of NY, Inc. v. Federal Bureau of Prisons, et al.*
             Civil Docket No. 19-cv-660 (Brodie, J.)(Gold, M.J.)

Dear Judge Brodie:

      This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center ("MDC") in the above-referenced matter. We write pursuant to the Court's November 13, 2020 order requiring Defendants to provide a status report ahead of the December 4, 2020 conference in this matter addressing legal access for individuals housed at the MDC and the Metropolitan Correctional Center in New York, New York ("MCC").

      Both institutions continue to offer in-person legal visitation. In addition, MDC and MCC continue to offer legal access by telephone and video-teleconference (VTC) every weekday, during the morning, afternoon, and evening. These telephone calls and VTCs are intended primarily for those attorneys who are prevented from visiting their clients in person because of extenuating circumstances.

      **A. In-Person Legal Visitation**

      Both MDC and MCC continue to offer in-person legal visiting seven days per week, by appointment. Both facilities also continue to take various steps to ensure the safety of visitors, including regular temperature and symptom screening of all visitors, using individual attorney rooms to ensure social distancing, and the use of masks throughout the facility.

      Moreover, we continue to work through the mediation process to address issues that arise through in-person visitation. Recently, as some units at both facilities have entered quarantine status as part of the facilities' efforts to mitigate the potential spread of coronavirus, some in-person legal visits have been cancelled as a result.[1] We are working with Plaintiff through the mediation process to optimize our ability to notify affected counsel so they have time to modify

---

[1] Specifically at MDC, two of its 16 male general population units were recently placed in quarantine status as a COVID mitigation measure.

their plans, and seek a call or video conference. The parties do not yet agree on the best way to communicate this information, but we do agree that the information must be communicated as quickly as possible to affected attorneys. The facilities have committed to doing that and we are working to resolve the parties' differences through mediation.

We also continue to work with Plaintiff to obtain feedback about issues with in-person visiting, and address them as appropriate. As part of this process, we have worked through the mediation process to address an issue raised by Plaintiff regarding staff use of masks. Additionally, we seek to remind counsel that the visiting spaces at MDC have extra masks available upon request in the event a client's mask is ill-fitting at the time of the attorney client visit. Regarding air quality testing, we have provided Plaintiff with detailed air circulation test results and are currently working with the BOP's central office to secure approval for additional testing requested by Plaintiff.

Finally, BOP continues to work on deploying an online scheduling system for in-person visitation and we anticipate that the system will be up and running in the near future.

### B. Attorney Calls and VTCs

In light of the challenges posed by the ongoing pandemic, both facilities continue to offer a full schedule of telephone calls and VTCs on weekdays, in the morning, afternoon, and evening. The primary purpose of offering these alternative methods of attorney contact is to allow contact for attorneys who are unable to visit in person. That said, we continue to observe that attorneys who are visiting clients at the institution are also requesting legal visits through this process.

As noted above, some in-person visiting has been limited when certain units have entered quarantine status. As a result, we continue to develop ways to be flexible and adjust to the changes in demand for attorneys' calls and VTCs. We continue to work productively with Plaintiff through the mediation process on an exchange of ideas to ensure that the availability of virtual visiting meets the needs of the defense bar. We understand this may involve prioritizing remote visits for attorneys who cannot meet their clients in person and it may involve adjusting the capacities at both facilities. To that end, although Defendant believes we can manage demand with current capacity at this time, we are actively exploring ways to achieve both of those goals, if needed to meet demand.

      Defendants believe the mediation process continues to be helpful and we thank the Court for its consideration of this matter.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By: /s/
Seth D. Eichenholtz
Sean P. Greene-Delgado
Matthew J. Modafferi
Assistant U.S. Attorneys
718-254-7036/6484/6229
seth.eichenholtz@usdoj.gov
sean.greene@usdoj.gov
matthew.modafferi@usdoj.gov

cc:    Counsel of Record (By ECF)

        Loretta E. Lynch
        Roberto Finzi
        Edward Nasser
        Paul, Weiss, Rifkind, Wharton & Garrison LLP

        Jeffrey Oestericher
        David Jones
        Assistant U.S. Attorneys
        U.S. Attorney's Office, S.D.N.Y.