# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

January 21, 2021

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19 Civ. 660 (MKB)

Dear Judge Brodie:

We write on behalf of the Federal Defenders to provide an update, pursuant to the Court's order dated January 8, 2021.

**Masking.** At the last conference before Your Honor, we discussed continued issues with MDC and MCC staff who violate BOP masking policies and public health protocols. We expressed our concern that without a court order, the violations we have reported since September 2020 (Doc. No. 97) would continue, prolonging and exacerbating the health crisis that has resulted in the wholesale shutdown of in-person legal visiting at the MDC and the curtailment of in-person legal visiting at the MCC.

Following that conference, we participated in a mediation session with the government and agreed not to seek a court order at this time. Instead, on January 15, we provided the government with a list of steps that the MDC and MCC could take to ensure compliance with applicable policies. We also requested that the government report at each court conference in this action "(i) the number of instances of non-compliance with mask-wearing requirements; (ii) the number of disciplinary actions taken; and (iii) the scope of any disciplinary actions taken." The government has since insisted that the MDC and MCC are taking the very steps that we had proposed, or at least doing things directionally consistent with our proposal, but has outright refused to provide any of the information that we requested.

That combination of responses is troubling. There can be no dispute that whatever steps the facilities have taken, those steps are not sufficient. Since the last conference, at least 10 MDC

staff members have tested positive for COVID-19,[1] and yet we continue to receive (and provide to the government and mediation team) reports of staff observed not wearing masks, including on quarantine/isolation units.[2] Accordingly, if the BOP is, in fact, following the steps that we outlined, the only explanation for continued non-compliance would seem to be insufficient disciplinary actions taken in response to violations. The government has suggested that the facilities are pursuing appropriate discipline, but the disciplinary process may take "a few weeks." Tr. of Jan. 8, 2021 Conf. at 16. Yet we have raised concerns relating to masks for almost five months and are still unaware of a single instance in which disciplinary action has been taken.

Unless the government is willing to share information about the number of instances of non-compliance and the number and general nature of resulting disciplinary actions (if any), we remain of the view that little may change without further involvement of the Court.

**In-person visiting.** In-person visiting remains suspended at the MDC due to high coronavirus rates. In addition, we learned on January 16 through a Forbes article that "in light of current events occurring around the country, and out of an abundance of caution," all BOP facilities would be locked down.[3] As a result, all in-person legal visiting has been cancelled at the MCC as well, and the government has not been able to tell us when such visiting will resume. In addition, the recent national order has resulted in further limitations on inmates' time out of their cells, giving individuals awaiting trial virtually no opportunity to review electronic discovery and exacerbating the demand for remote forms of legal access.

**Legal calls and VTC.** The demand for legal telephone calls and VTCs contains to outpace supply, as it has for months. We are seeing extremely high overflow numbers on the fifth and sixth floors at the MDC, where over 100 legal call and VTC requests are pending, a couple of which have been waiting to be scheduled since late December. In light of ongoing criminal proceedings and the enforcement activity of the Eastern District and Southern District U.S. Attorney's Offices, there is little reason to expect that demand for remote legal access will decrease anytime soon. This is especially so given that the MDC has yet to install the phones that they committed to install in December in order to give each unit an additional telephone line for legal calls. (The only unit that has received an additional phone, unit 73, no longer has a backlog of legal call requests.)

In addition to the large backlog of call and VTC requests, we have raised concerns in mediation regarding significant communication breakdowns that further frustrate meaningful attorney access. For example, on January 15, the Federal Defenders asked the BOP about a "unit D" that appeared for the first time on a roster list that the MDC provides so that the Federal Defenders can schedule legal calls and VTCs. The Federal Defenders specifically asked how calls for unit D inmates should be scheduled. The Federal Defenders followed up on January 18, noting that they had numerous clients on unit D for whom calls had been requested. The BOP did not respond until January 20, five days after the initial email, and even then said only that they were

---

[1] The government provided information regarding the latest testing results in a January 19, 2021 letter to Chief Judge Mauskopf pursuant to Administrative Order No. 2020-14.

[2] Given the curtailment of in-person visiting, our recent reports have come from inmates or from attorneys who observe maskless officers in the background of a VTC. Many of our earlier reports to the government and mediation team were based on the observation of counsel during in-person visits.

[3] https://www.forbes.com/sites/walterpavlo/2021/01/16/federal-bureau-of-prisons-locks-down-all-facilities-in-advance-of-inauguration/?sh=20ae6f102f76.

"trying to get an answer." As a result of these delays, even if the BOP were to provide the necessary information tomorrow, an inmate on unit D could not be scheduled for a legal call or VTC until January 25 at the earliest.

We have reported similar problems in connection with urgent requests for remote access. For example, one attorney made an urgent call request to the MDC Legal Department on January 15 at 2 pm in light of MDC's cancellation of remote access on Martin Luther King Jr. Day. That attorney needed to speak with his client before a court conference scheduled for January 19. No response was ever received, and the facility did not produce the client to participate in the conference.

Non-responsiveness on matters implicating the right to counsel is not a new issue, but its effects are felt even more deeply when in-person visiting is cancelled, and remote access is in high demand. We have raised this issue in mediation and will continue to do so.

\*     \*     \*

Thank you for your continued attention to these important issues.

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker

cc:   Counsel of Record (by ECF)
      Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Norhan Bassiouny, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)