**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 3, 2021

By ECF
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Federal Defenders of NY, Inc. v. Federal Bureau of Prisons, et al.*
             Civil Docket No. 19-cv-660 (Brodie, Ch. J.)(Kuo, M.J.)

Dear Judge Brodie:

    This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center ("MDC") in the above-referenced matter. We write pursuant to the Court's January 19, 2021 order requiring Defendants to provide a status report ahead of the February 5, 2021 conference in this matter addressing legal access for individuals housed at the MDC and the Metropolitan Correctional Center in New York, New York ("MCC").

    MDC and MCC continue to offer legal access by telephone and video-teleconference (VTC) every weekday, during the morning, afternoon, and evening. Also, MCC has resumed in-person legal visiting. As discussed below, MDC has not yet resumed in-person legal visiting but is planning to do so in the near future.

    **A. In-Person Legal Visitation**

    MCC continues to offer in-person legal visiting seven days per week, by appointment. Visiting at MDC has been suspended since December 11, 2020, as a result of a then-occurring COVID-19 outbreak on three of its units. The MDC has undertaken a re-testing plan to ensure that inmates who previously tested negative are re-tested, and each inmate subsequently receives a negative test result. MDC is in the final stages of preparing to resume in person visitation consistent with the results of these tests. We have provided Plaintiff with a tentative timeline for re-opening and, through the mediation process, will continue to update Plaintiff as the situation develops.

    Both facilities continue to take various steps to ensure the safety of visitors, including regular temperature and symptom screening of all visitors, the use of individual attorney rooms to ensure social distancing, and the use of masks throughout the facility. The parties continue to work cooperatively on these issues. The parties have tentatively scheduled a test of air circulation in visiting spaces at both facilities requested by Plaintiff for February 11. While the parties had originally hoped to conduct these tests on February 1, the parties agreed to postpone the test as a

result of the snow storm that day. Defendants continue to provide the mediation team with information about efforts to ensure staff and inmate compliance with the use of masks. Defendants have not received any reports of staff failing to wear masks at either facility since this issue was discussed at the last status conference.

### B. Attorney Calls and VTCs

In light of the challenges posed by the ongoing pandemic, both facilities continue to offer a full schedule of telephone calls and VTCs on weekdays, in the morning, afternoon, and evening. In addition, both facilities continue to accommodate urgent legal access requests on a case-by-case basis.

In Defendants' last status report, we had advised that there was a three to four-fold increase in call requests over the prior week. Call request volume since then has dropped to normal levels. At MDC, the facility worked with Plaintiff to reduce the number of telephone call requests not placed within 48 hours from over 30 requests on January 22, to 19 requests on January 28, to 3 requests on February 2. The dramatic reduction in so-called "backlog" calls is the result of the increased capacity provided by new telephone lines on the 5th, 6th, and 7th floors, along with MDC taking the initiative to contact attorneys on the "backlog" list to facilitate calls as quickly as possible.

#### 1. Updating MDC's Efforts to Increase Telephone and VTC Capacity

Against the backdrop of these successful efforts to place calls promptly, MDC continues to work expeditiously to increase capacity to the point where we expect it can handle surges in call requests moving forward. The facility continues to install new telephone lines on each unit. As of this writing, new phone lines have been installed in four of the facility's units (73, 52, 53, and 62). The facility expects to continue installation of additional telephones lines and have at least one more unit available this week. These telephone lines are *in addition to* existing capacity.[1]

We are also aware of the need for additional VTC capacity at the MDC. We intend to work with Plaintiff through the mediation process to increase VTC capacity in the near term, while MDC undertakes efforts to obtain additional equipment in order to provide a greater increase in its VTC capacity for the long term.

We continue to work with Plaintiff on these issues, and update it on Defendants' efforts, through the mediation process.

---

[1] During the January 19, 2021 status conference, the Court asked whether these additional telephones will increase the facility's ability to produce individuals by telephone for their criminal appearances. We expect that these telephones will provide some increased capacity, and are working with this Office's Criminal Division to implement this increased capacity.

### 2. Issues Caused By Monday's Snowstorm

Another issue the parties are addressing through the mediation process is the cancellation of some legal calls and court appearances as a result of Monday's snowstorm. In previous years, the court normally would close during severe, inclement weather, and court proceeds would be rescheduled. As a result of the transition to remote proceedings during the pandemic, weather currently does not pose the same challenge for the court or attorneys. However, both MDC and MCC had to assess whether they could safely provide remote proceedings and legal calls earlier this week in light of the storm's impact on staffing levels. Both facilities attempted to provide these calls and VTCs, but ultimately, MDC did not have sufficient staff to complete all calls on Monday and Tuesday.[2] Through the mediation process, we have discussed a plan to reschedule the cancelled calls. This plan is still being finalized, but likely will combine increasing capacity at certain hours with outreach by the facility to counsel to reschedule calls, as it did with the "backlog" calls. Through these efforts, MDC expects to have all rescheduled calls placed by mid-week next week. We will continue to work with Plaintiff and the mediation team on this issue.

### 3. Both Facilities Continue to Promptly Handle Urgent Call Requests

As the parties have discussed during previous conferences, the facilities receive a number of urgent legal call requests which are handled outside of the traditional legal call scheduling system. These requests are handled at all times, including over weekends, if needed. Indeed, over the past two weeks, MDC has addressed four of these urgent requests, responding to each request within 24 hours, and placing the telephone call as soon as possible. We have started to provide updates to the mediation team regarding the status of these requests. The parties are discussing through the mediation process how best to advise counsel and manage the flow of these requests moving forward.

### C. Other Issues Pertaining to MCC and MDC

The parties continue to discuss other issues collaterally related to the attorney client access issues underlying this matter, such as updates regarding the facilities' efforts to provide COVID-19 vaccinations to inmates. Defendants are committed to continuing this dialogue and resolving any issues that arise through the mediation process.

---

[2] On Tuesday, MDC completed most calls scheduled for individuals housed on the 6th, 7th, and 8th floors, as well as the Special Housing Unit.

3

We thank the Court for its consideration of this matter.

                                            Respectfully submitted,

                                            SETH D. DuCHARME
                                            Acting United States Attorney

By:       /s/
      Seth D. Eichenholtz
      Sean P. Greene-Delgado
      Matthew J. Modafferi
      Assistant U.S. Attorneys
      718-254-7036/6484/6229
      seth.eichenholtz@usdoj.gov
      sean.greene@usdoj.gov
      matthew.modafferi@usdoj.gov

cc:    Counsel of Record (By ECF)

Loretta E. Lynch
Roberto Finzi
Norhan Bassiouny
Paul, Weiss, Rifkind, Wharton & Garrison LLP

Jeffrey Oestericher
David Jones
Assistant U.S. Attorneys
U.S. Attorney's Office, S.D.N.Y.