**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

February 3, 2021

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19 Civ. 660 (MKB)

Dear Chief Judge Brodie:

      We write on behalf of the Federal Defenders to provide an update pursuant to the Court's order dated January 22, 2021.

      **In-person visiting.** In-person visiting continues to be suspended at the MDC, as it has been for nearly two months. As a result, and as anticipated, demand for other forms of legal access remains high. We understand that non-quarantine, non-isolation units may reopen for in-person visiting in approximately two weeks, but even that date is not guaranteed. Yesterday's report to Your Honor from the MDC lists 293 positive cases at the facility, and if the MDC does not figure out a way to control the spread of COVID-19 (*e.g.*, through enforcement of mask policies, reduction in the inmate population, testing of staff), the return of in-person visiting may be further delayed.

      **Legal calls and VTCs.** We also continue to see a backlog in legal calls and VTCs at the MDC. In particular, the most recent data showed 37 VTCs waiting over 48 hours, and, in some instances, it has taken up to two weeks for VTC access to be scheduled. The limited VTC availability is particularly worrisome given that VTCs are often the only means by which attorneys can review discovery with their clients. It is our understanding that the government shares our view that capacity for both forms of remote access needs to be expanded.

      As to VTCs, we are working with the government to identify ways to increase the number of available slots. As to telephone calls, the proposed solution of an additional telephone line placed in each unit is a commendable one, but additional lines have been placed, to date, in only 4 of the 17 units in the West Building, despite the fact that all necessary equipment was received at least two weeks ago. *See* Tr. of Jan. 22, 2021 Conf. at 10. Now, apparently due to this week's snowstorm, additional delays are expected.

KAPLAN HECKER & FINK LLP

2

      That snowstorm also led MDC to shut down remote legal access and court proceedings for almost all of Monday and Tuesday. As a result of weather-related staffing issues, approximately 50-60 scheduled legal calls and VTCs were not placed, and the MDC failed to produce inmates on those days for some scheduled remote court appearances. The MCC, by contrast, did not cancel in-person visiting, did not cancel any scheduled calls or VTCs, and did not fail to produce inmates for remote court proceedings.

      This many months into mediation, we were disconcerted that the MDC was unprepared from a staffing perspective for a long-predicted snowstorm, and that a staffing shortage resulted in the cancellation of many calls and VTCs not just on the day of the storm, but on the following day as well. While we certainly understand that weather events might slow the operations of a facility, it is quite another thing to cancel legal access. And, at the very least, we would have hoped that the MDC might consult the mediator before such a drastic decision was taken, ideally in the days leading up the storm. This week's storm might have been the first snowstorm of the season, but the broader pattern has remained the same throughout this case (and led to its filing): a precipitating event—a government shutdown, electrical issues, inclement weather, or a holiday weekend—results in a staffing issue, which then causes the government to argue that it simply impossible to permit access to counsel for a meaningful period of time. The thrust of this litigation is that the government has an obligation to plan for such events, and that curtailing legal access due to insufficient planning is not an excuse under the Sixth Amendment. And this is not about theoretical harm. On Tuesday, for example, the Federal Defenders had a client scheduled for a VOSR sentencing who was likely to receive a sentence of time-served. The MDC did not produce the client for his sentencing, and he remains incarcerated while that proceeding is being rescheduled.

      The MDC has committed to placing all the legal calls and VTCs that it cancelled by the end of this week. Given the existing demand for calls and VTCs, and the fact that court appearances have to be rescheduled as well, we are not confident that this will happen and are concerned that the effects of the MDC's decision will be felt for weeks to come.

*   *   *

Thank you for your continued attention to these important issues.

Respectfully submitted,<br><br>/s/ Sean Hecker<br>Sean Hecker

cc:    Counsel of Record (by ECF)
       Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Norhan Bassiouny, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
       Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)