**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

February 17, 2021

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19 Civ. 660 (MKB)

Dear Chief Judge Brodie:

      We write on behalf of the Federal Defenders to provide an update pursuant to the Court's Order dated February 5, 2021.

      **Installation of Phone Lines**. As the BOP reported in its letter to the Court on February 12, 2021, *see* Dkt. No. 155, it will be unable to complete installation of additional phone lines in each MDC unit prior to our conference this week. *But see* Tr. of Feb. 5 Conf. at 9 ("THE COURT: I would actually prefer that all the installation be completed before the next status [conference]. That would be my hope, that in the next two weeks MDC will be able to install all the additional phone lines."). While we appreciate that the installation of additional phone lines may be "a labor-intensive process," we are concerned that the BOP's proffered justification for its delay is, again, "limited staffing." Dkt. No. 155 at 1-2. The BOP has repeatedly raised staffing issues as a reason why legal access falters at times, and is shut down entirely at other times (*e.g.*, during last week's snowstorm). But as we've previously noted: the BOP's staffing decisions cannot confer upon it constitutional immunity. Indeed, it is the fundamental goal of this lawsuit that the BOP prioritize access-to-counsel. Central to that effort is committing the staff necessary to comply with their constitutional obligations.

      **Quarantine/Isolation Units.** There are currently seven units at the MDC that are either in quarantine or isolation status. As a consequence, no one housed in those seven units can be visited, even though legal visiting has been formally re-opened at the facility. What's more, as we've recently learned, no one housed in those seven units is presently able to access VTC units. This is troubling in its own right, and we would note that it is a change in the position that the BOP reported to Your Honor on December 18, 2021. Specifically, when Your Honor asked the BOP "to confirm that the inmates that are in quarantine do currently have access to VTC," the BOP's

KAPLAN HECKER & FINK LLP

2

counsel responded: "There was, Your Honor, a period where they did not because of the location of the VTCs. But my understanding, as recently as yesterday . . . is that the units that are in quarantine status do have access to VTCs." Tr. of Dec. 18, 2020 Conf. at 8. We understand that the BOP is working to set up extra VTC slots in the short-term—which is an effort we commend—but it is our understanding that those additional units will also not be available to people on quarantine. In our view, it is imperative that the BOP work to provide regular VTC access to individuals on quarantine or isolation.

**Vapor Tests**. We are glad that Dr. Rainald Löhner was able to conduct vapor tests at both the MDC and the MCC on February 11, 2021. Following his visits, Dr. Löhner offered specific and helpful guidance in writing that we hope each facility will make use of, such as the best placement of tables in certain rooms, the use of large plastic dividers at the MDC (like those in use at the MCC), and prioritizing those legal visiting rooms with the best air flow for counsel meetings. We would note that Dr. Löhner was unable to conduct a vapor test in the SHU of either facility, which of course raises concerns for counsel who might need to visit clients who are held in solitary.

\*   \*   \*

Thank you for your continued attention to these important issues.

Respectfully submitted,

/s/ *Sean Hecker*
Sean Hecker

cc: Counsel of Record (by ECF)
Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Norhan Bassiouny, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)