# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0889
DIRECT EMAIL  shecker@kaplanhecker.com

October 13, 2021

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>  Re:  *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.,* No. 19
>  Civ. 660 (MKB)

Dear Chief Judge Brodie:

We write on behalf of the Federal Defenders to provide an update pursuant to the Court's order dated October 9, 2021. Unfortunately, the situation at MDC has taken a very negative turn since our last court conference.

***Deplorable conditions at MDC***. Over the weekend, we learned from numerous clients and CJA counsel of deplorable conditions at the MDC, reminiscent of those that caused this lawsuit in February 2019. *See* Doc. No. 1 ¶¶ 1-2, 18-19. What we heard was truly horrific, including nightly blackouts, no water or air flow in cells, lockdowns for extended periods, flooding of toilets, and inmates receiving still-frozen food to eat.[1] What's more, it appears that inmates were left to fend for themselves in these inhumane conditions, as staff failed to conduct regular rounds or respond to calls for help. The emergency buttons in most cells continue to be non-functional. We were subsequently told that the conditions were a consequence of planned "electrical maintenance" being conducted at the facility. Counsel had been informed only that legal visiting would end early over the holiday weekend for facility work; we are deeply disappointed that something as simple as facility maintenance could cause such horrendous conditions for the individuals under the BOP's care, and that no advance notice was provided of planned blackouts and cutting off of running water.

***Transfer from MDC to MCC***. We understand that the transfer of all pretrial inmates will be complete by the end of this week. Recent transfers included a defendant moved on Tuesday who began trial in the SDNY today. Because of this sudden move, and despite the MCC and MDC's awareness that the defendant was set to begin trial, the defendant's lawyer was denied an

---

[1] *See* https://www.nydailynews.com/new-york/nyc-crime/ny-water-electricity-conditions-mdc-brooklyn-20211010-27q6mnw6jre4llsko6jbww4m74-story.html.

in person visit with her client—the night before trial was set to begin—because he had been placed in "quarantine." Not only was the lawyer denied access, but she wasted valuable preparation time waiting in the visiting room to see her client, after having spent the afternoon on the phone with MDC Legal, who knew she was coming, only to be told that her client was on quarantine. A telephone call from Judge Caproni to the facility was of no avail. That is not the orderly transfer of inmates that the BOP pledged.

*Cancellation of legal visits, calls, and VTCs*. The Federal Defenders were notified this morning without warning that all legal visits, calls, and VTCs were cancelled today, October 13, and have not been notified when they will restart, including whether already-scheduled visits and calls for tomorrow will occur. Relatedly, we also learned that MDC Unit 62 (a pre-trial unit that does not house new detainees) was placed on a COVID quarantine such that inmates were unable to receive in-person legal visits. Unfortunately, we were provided no advance notice of the quarantine or the associated cancellation of legal visits.

*Law library access*. We reiterate the concerns we raised at length in last week's status letter regarding the MDC's policies for providing inmates with access to the facility library. *See* Doc. No. 235 at 1-2. We now understand that the MDC has been operating throughout the COVID pandemic on an unpublished policy of permitting access to the law library only to detainees in the small subset of cases in which the U.S. Attorney's Office has directly sent a hard drive containing discovery to the facility. The hundreds of other detainees who have sensitive discovery—videotaped statements, gang materials, medical information, and the like—are no longer permitted to view their discovery in the law library but must choose between the dangers of viewing it amidst 100 other detainees on an open unit, or not viewing it at all. This policy conflicts with the MDC's published program statements and the Federal Defenders' understanding throughout this litigation that inmates who were not in quarantine could go to the law library upon request, an understanding which was directly informed by the government's previous and unambiguous representations that inmates had broad access to the library. We continue to work through these issues in mediation with an eye towards ensuring that MDC inmates can safely review their discovery and meaningfully assist in their defense.

*In-person visiting issues*. Defense counsel continue to experience troubling occurrences during in-person visits. Counsel are waiting for long periods both in the regular visiting room and in the SHU, being denied by officers the ability to bring in laptops (to review discovery) that have already been approved in writing by the Legal Department, and being refused contact visits in SHU (making discovery review impossible). Further, despite our focus on the issue in conversations with the BOP and in mediation, there continue to be repeated instances of MDC staff failing to wear masks properly or not at all.

\* \* \*

We thank the Court for its attention to these important issues.

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker

cc:   Counsel of Record (by ECF)
      Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Norhan Bassiouny, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
      Jeffrey Oestericher, U.S. Attorney's Office (S.D.N.Y.) (by e-mail)