**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 31, 2022

By ECF

The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Federal Defenders of NY, Inc. v. Federal Bureau of Prisons, et al.*
      Civil Docket No. 19-cv-660 (Brodie, Ch. J.)(Kuo, M.J.)

Dear Chief Judge Brodie:

    This Office represents Defendants Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center ("MDC") (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiff's March 30, 2022 letter requesting that the Court order Defendants to implement various changes at the MDC, all of which has been raised in mediation. Defendants, however, respectfully submit that Plaintiff's requests should be denied in their entirety because the MDC has implemented, or is in the process of implementing, Plaintiff's proposed changes through the mediation process. Indeed, a mediation session was held today before the Honorable Loretta E. Lynch to further address these issues. As a result, and as discussed further below, there is no need for the Court to issue any order at this time. Moreover, Plaintiff's attempts to circumvent the mediation process by seeking unnecessary Court orders only serves to disincentivize Defendants' good faith cooperation in the mediation process.

    By way of background, Plaintiff's March 30, 2022 letter, which is styled as a status report, asks the Court to order Defendants to "(1) begin tracking legal visit wait times as of April 1, 2022, including (a) time of legal visitor arrival in the front lobby of either the East or West Building, (b) time of legal visitor admittance to the visiting room of either the East or West Building or the SHU legal visiting area, and (c) time of client arrival to the visiting room"; (2) "report this initial month of data to the mediation team, including the Federal Defenders, on May 2, 2022"; and (3) "create and disseminate to the mediation team and the Federal Defenders by April 11, 2022, a written policy that sets forth (a) how and how often defendants housed in SHU and Unit 83 can request access to discovery, (b) how such requests will be documented by MDC to ensure they are honored, (c) how many hours per week these defendants will be given access to computers to review discovery, (d) where hard drives containing discovery for defendants housed in SHU and Unit 83 will each be stored, (e) how much paper discovery these defendants will be permitted to retain in their cells, and (f) where any additional paper discovery beyond the permitted amount will be maintained by MDC and how confidentiality of such discovery will be ensured." Plaintiffs add that, "[o]nce the mediation team and the Federal Defenders have had an opportunity to comment

on this written policy, and it is finalized, it should be circulated to all MDC staff and all inmates housed in SHU and Unit 83 and posted in both the SHU and Unit 83 to ensure consistency." Dkt. No. 309 at 1-2.

The MDC, however, has already begun to track wait-times at the three points referenced above. And the MDC has preliminarily agreed, subject to further consideration and approval from the BOP Regional Office, to share the information with the mediation team. Additionally, the MDC has expanded legal access for inmates on Unit 83 and has discussed and shared the updated procedures for discovery review in Unit 83 and the SHU through the mediation process. Indeed, during the last mediation call, the parties appeared to be in agreement on most if not all issues and Plaintiff did not mention a forthcoming request for a court order. Based on this progress and the aforementioned changes, there is no basis for a court order at this time.

In short, Plaintiff essentially asks the Court to so-order the progress made through mediation, which regrettably defeats the purpose of the mediation process.

A. The MDC Has Already Begun Tracking Legal Visit Wait-Times And Has Preliminarily Agreed To Share This Information With The Mediation Team

As set forth during this week's mediation call and in Defendants' status letter, "[t]he MDC has begun to track the times that attorneys (1) enter the lobby, (2) enter the visiting area, and (3) when the client inmate arrives in the visiting room area." Defendants' Status Report ("Defs' Report") at 1. In addition, Defendants previously agreed to collect the data and share it with the mediation team. *See id.* ("Defendants expect to begin tabulating the times for these three data points and will provide the information to the mediation team next week for review and analysis."). Through the mediation process, the MDC has agreed to expend additional time and effort to track times for attorney visits and has begun implementing these changes. The MDC has voluntarily agreed to add this to the officers' duties and further agreed, subject to further consideration and approval from the BOP Regional Office, to compile the information digitally for use in this mediation. Accordingly, Defendants object to Plaintiff's request for a court order on the ground that MDC has already implemented this work through mediation.

B. The MDC Has Already Begun Expanding Access To Discovery

As set forth during recent mediation calls, Defendants have provided details regarding all of the MDC's efforts to implement procedural changes that cover all items, (a) through (f), set forth in Plaintiff's March 30 letter. Indeed, as stated in Defendants' March 30 status report, the MDC now is affording each inmate on Unit 83 "two hours per day to review discovery and one hour per day for recreation time, in addition to the half hour the inmates have to shower." Defs' Report at 2.[1] The inmates on this unit have access to four discovery review computers and can

---

[1] As background, subsequent to the gang-related incident at USP Beaumont, the BOP ordered a nationwide lockdown of its facilities for the safety and security of its inmate population. For further safety and security reasons, the MDC made housing determinations for certain inmates. On Thursday, March 10, 2022, inmates on Unit 73 were given more out-of-cell time and, during

spend their two hours at a discovery computer, if they so choose. Hard drives are stored on a bookshelf inside the housing unit and inmates can request that the officer retrieve the drive for review. Additionally, the unit officer is documenting whether inmates accept or refuse the discovery review time that is offered. Moreover, inmates on this unit have access to their legal papers and are permitted to have these legal materials inside the cell. Books also are available upon request.

With respect to SHU inmates, some background information is necessary. A few months ago, the MDC learned that inmates in SHU were using hard drives as vehicles to store and transmit contraband. In addition, on at least one occasion, a SHU inmate used his legal papers to start a fire. As a result, the MDC limited the amount of paper (12 inches high) an inmate in the SHU could have in the cell at a given time. For SHU inmates, any additional paper and any hard drives are stored in the Lieutenant's office. Inmates can swap out their paper from the cell for paper held in the Lieutenant's office at any time. The MDC is affording SHU inmates discovery review including review on discovery computers upon request. To the extent an inmate in the SHU has a court order for discovery review, the unit officer offers the inmate the time required by the order and tracks whether inmates accept or reject the discovery review time that is offered.

Defendants continue to engage in good-faith negotiations with Plaintiff and have implemented, and will continue to implement, necessary changes regarding issues that arise in the mediation context. In fact, the Government believed that it had resolved these issues through mediation. As a result, Plaintiff's request for Court intervention was unexpected and unnecessary.

Accordingly, for the reasons set forth herein and in the spirit of fostering better cooperation between the parties so that they can continue to make progress through the efforts and assistance of the mediation team, Defendants object to Plaintiff's request for the proposed court orders.

We thank the Court for its consideration of this matter.

                   Respectfully submitted,

                   BREON PEACE
                   United States Attorney

            By:    /s/
                   Matthew J. Modafferi
                   Assistant U.S. Attorney
                   718-254-6229
                   matthew.modafferi@usdoj.gov

cc:  Counsel of Record (By ECF)

---

this period of loosened restrictions on the unit, an assault on staff took place. After the assault, all of the inmates were moved to Unit 83.

Mediator Loretta E. Lynch, Esq.
Roberto Finzi, Esq.
Tatiana Laing, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP