**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 24, 2023

<u>By ECF</u>
The Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Federal Defenders of NY, Inc. v. Federal Bureau of Prisons, et al.*
<u>        Civil Docket No. 19-cv-660 (Brodie, Ch. J.)(Kuo, M.J.)        </u>

Dear Chief Judge Brodie:

This Office represents Defendants Federal Bureau of Prisons (BOP) and the Warden of the Metropolitan Detention Center (MDC) in this lawsuit, in which Plaintiff alleges that MDC provides inmates inadequate access to counsel. We write pursuant to the Court's April 28, 2023 Order requiring Defendants to provide a status report ahead of the May 26, 2023 conference. As discussed below, legal visitation at the MDC remains robust, with inmates having legal access both in-person and through virtual/remote mechanisms.

I.    <u>In-Person Legal Access</u>

The MDC continues to facilitate in-person attorney-client meetings seven days a week. In general, in-person attorney-client meetings have been running smoothly, with two isolated incidents that have since been addressed in mediation. First, on May 18, 2023, MDC received a complaint that, on the day before, a defense attorney had arrived at the East building to visit a client, was redirected to the West building, and then, after waiting an hour, was directed back to the East building, where he ultimately met with his client. Though MDC has not had sufficient time as of this writing to fully investigate the reasons underlying the apparent confusion, MDC has surmised and explained in mediation that the assigned East Building officer may have had to leave his post briefly to secure another area in the institution. Also on May 18, 2023, the Federal Defenders reported that an attorney waited an hour for a client to be escorted to the visiting room, and that her client informed her that the delay was due to a disagreement between the inmate and an officer over the shoes the inmate was required to wear. While the MDC is in the process of investigating this matter as well, we note that the Federal Defenders have reported that the inmate requested the intervention of a lieutenant, who responded promptly and resolved the disagreement so that the visit could proceed. MDC awaits additional information from Federal Defenders in order to complete its investigation.

As we reported previously, following the positive response to MDC's initiative to install telephones earlier this year on Unit 84, Plaintiff recently requested that the institution consider

installing telephones in the SHU visiting area as well, to facilitate the exit of attorneys from the unit at the conclusion of visits. In our last report, we noted that MDC was amenable to installing the phones, but needed first to evaluate whether any infrastructure barriers prevented installation. In the interim, MDC's Facilities Department conducted its evaluation and discussed its results with the Executive Staff, and last week, MDC advised that the installation was feasible, though no estimated date of completion was yet available. We will continue to keep the mediation team and the parties apprised of developments on this front. In the meantime, we note that no new incidents of the type experienced earlier in the year on Unit 84 and SHU have recurred. Indeed, Federal Defenders has reported that it used the Unit 84 phones on three more occasions since our last report, and that the phones have made a tremendous improvement in the attorneys' experience.

MDC continues to ensure sufficient staffing is in place to facilitate all legal access – both remote and in-person – and over the next several weeks will be assessing its staffing needs and making any requests to BOP that may be necessary in light of the expiration of funding for its current allocation of TDY staff on June 30.

## II. Attorney-Client Calls and VTCs

In addition to the seven-days-a-week, in-person attorney access, the MDC continues to provide remote legal access by telephone and video-teleconference ("VTC") every weekday, during the morning and afternoon. The success rate for placed calls and VTCs continues to be very high (*i.e.,* greater than 98% of scheduled calls placed for the last two weeks, per Plaintiff's call logs).[1]

In our prior reports, we have noted that MDC has completed the installation of VTC hardware in the East SHU and that it expected the VTC to become operational in the short term. MDC's Computer Services staff continue to follow up with BOP's Central Office to facilitate the activation of the VTC, which the Central Office controls. We will continue to raise the issue internally so that the line becomes operational as soon as possible. As we have noted previously, in the interim, MDC's Legal Department staff operate a mobile VTC unit, which serves the needs of any East SHU inmates who require a VTC.

Additionally, in response to Plaintiff's concern that audio and connectivity issues often interfere with the quality of VTCs, the MDC has directed Legal Department staff who escort inmates to VTCs to ensure the VTC connection is functioning and the participants are audible before leaving the VTC room when the calls commence.

## III. Inmate Discovery

On May 23, Plaintiff brought to the MDC's attention a complaint related to an inmate's discovery that a paralegal attempted to drop off at the institution, which reportedly was rejected by an officer due to size limitations. Complicating matters, the regular points of contact in the

---

[1] This figure excludes: six calls which inmates refused (supported by signatures in four instances); three calls for which the attorney did not answer; six calls for which inmates were either in court or otherwise outside of the institution; and one call for which MDC records show the call took place.

MDC Legal Department were unavailable to immediately resolve the issue. MDC has addressed the issue by identifying a second "back-up" representative of the Legal Department that defense attorneys may contact when disputes of this nature arise at the institution.

\* \* \*

Finally, the Government continues to appreciate the assistance of the mediation team and the Court, and the parties' good-faith efforts to resolve the outstanding issues in this matter over the past three years. However, the time is ripe to bring this process to a fair and orderly conclusion. Several months ago, the United States proposed settlement terms to Plaintiff. The United States continues to await a response. We understand that Plaintiff intends to confer privately with the mediator by next week, and to provide a written response to the Government shortly thereafter. We look forward to reviewing that response and continuing negotiations. Barring a resolution in the near term, the Government may be compelled to pursue other alternatives to reach a resolution, including dispositive motion practice.

We thank the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:        /s/
Sean P. Greene-Delgado
Shana C. Priore
Assistant U.S. Attorneys
718-254-6484/6008
sean.greene@usdoj.gov
shana.c.priore@usdoj.gov

cc:     Counsel of Record (By ECF)

       Loretta E. Lynch, Esq.
       Roberto Finzi, Esq.
       Charlie Figueroa, Esq.
       Paul, Weiss, Rifkind, Wharton & Garrison LLP