KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0883
DIRECT EMAIL shecker@kaplanhecker.com

November 29, 2023

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re:* *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.*, No. 19 Civ. 660 (MKB)

Dear Chief Judge Brodie:

We write on behalf of the Federal Defenders to provide an update pursuant to the Court's order dated October 21, 2023.

***Miscommunications Regarding Delays in Legal Visitation.*** On several occasions over the past several weeks, the MDC failed to notify the defense bar of lockdowns or other situations that impeded legal visitation. This lack of communication resulted in members of the defense bar waiting for long periods—sometimes for hours—to visit their clients, or being turned away entirely. For example, in the first half of November, legal visitors had to wait for long periods to enter the visiting room due to a locker shortage, caused by a large group of MDC contractors working in the building and several lockers being out of service. The defense bar was not informed of this foreseeable issue ahead of time. Similarly, on November 17, 2023, MDC lobby staff informed individual attorneys attempting to visit their clients that all legal visits were suspended until 5:00 p.m. that evening. However, Defendants informed Plaintiff that MDC Legal was not aware that legal visitation had been suspended, and so the defense bar was again not informed of the situation. Plaintiff is concerned by the continued breakdown in communication systems within the institution and with the defense bar that results in unnecessary impediments to legal access.

***Access to Pre-Sentence Reports.*** MDC has a practice of not allowing pretrial clients to have their pre-sentence reports ("PSRs") unless granted specific approval to do so by MDC unit teams. This practice contradicts explicit, recent guidance from the Department of Justice that states "all individuals facing a sentencing hearing, including those detained pretrial, should have

unfettered access to their PSR."[1] We are encouraged that Defendants have indicated they will review the MDC's policy in light of the Department of Justice's guidance, but concerned that MDC (a) did not immediately begin to follow the guidance and (b) has continued to resist the clear guidance that the baseline expectation is that pretrial detainees should have "unfettered access" to their PSRs.

***Legal Access Guide.*** As discussed in Plaintiff's previous submission to the Court, ECF 397, issues long thought to have been resolved through the mediation process continue to impede legal access at MDC. *See* ECF 381, 385, 393, 397. One of many such examples is MDC's policy of allowing multiple clients to be brought down to the visiting room at the same time to reduce attorney waiting time. While Defendants have long agreed that this policy is in effect, *see, e.g.*, ECF 368, 381, visiting room officers continue to refuse to implement it. Such recurring issues appear to arise from changes in staff in the visiting room and no mechanism for ensuring staff compliance with this policy at the time the issue arises.

Months and months ago, Defendants committed to creating a legal access guide with specific guidance regarding agreed upon policies and procedures. *See* ECF 381, 382, 385, 393. As we noted in our previous status report, making these policies available will facilitate productive mediation sessions and court conferences, allowing both sides to operate based on a shared understanding of the relevant policies. It will also assist in addressing access issues in real time, so that legal visitors can have access to their clients on the spot, rather than having issues resolved days or weeks later. This Court has underscored the importance of the legal access guide and of memorializing—on an ongoing basis—agreements made between the parties to ensure that the mediation process continues to move forward. *See* Tr. of Sept. 15, 2023 Conf. at 11-12.

Plaintiff understands that a draft of the legal access guide is currently being reviewed internally within the Bureau of Prisons, which is certainly a step forward. However, MDC has been working on the legal access guide for months, and we have yet to be given even a list of covered topics, a date by which we will be able to review the draft guide in the context of mediation, or a date by which the legal access guide might be completed.

* * *

We thank the Court for its continued attention to these important issues.

Respectfully submitted,

/s/ Sean Hecker
Sean Hecker

---

[1] *See* Report and Recommendations Concerning Access to Counsel at the Federal Bureau of Prisons' Pretrial Facilities, July 20, 2023 Advisory Group of DOJ Components at 45.

cc: Counsel of Record (by ECF)
Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Charlie Figueroa, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)