

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

271 Cadman Plaza East
Brooklyn, New York 11201

June 11, 2025

**By ECF**

Honorable Margo K. Brodie
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Fed. Defenders of N.Y., Inc. v. BOP, et al.*
        Civil Action No. 19-cv-660 (Brodie, Ch. J.) (Kuo, M.J.)

Dear Chief Judge Brodie:

This Office represents Defendants, Federal Bureau of Prisons ("BOP") and the Warden of the Metropolitan Detention Center, Brooklyn ("MDC Brooklyn") (collectively, "the Government") in the above-referenced lawsuit, in which Plaintiff alleges that MDC Brooklyn provides detainees inadequate access to counsel. We write to provide a status report in advance of the June 13 status conference. *Cf.* May 9, 2025 Minute Entry. Legal visitation at MDC Brooklyn remains robust, with detainees having legal access in-person, through video calls, and scheduled telephone calls.

I.        In-Person Legal Access

MDC Brooklyn continues to facilitate in-person attorney-client meetings seven days a week. Additionally, the Attorney Guide to MDC Brooklyn, which outlines relevant policies and procedures applicable to attorneys representing detainees incarcerated at the facility, is available for consultation on MDC Brooklyn's public-facing webpage. *See Attorney Guide to the Metro. Det. Ctr., Brooklyn, N.Y.*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/bro/bro-attorney-guide.pdf.

II.       Attorney-Client Calls and VTCs

In addition to the seven-days-a-week, in-person attorney access, MDC Brooklyn continues to provide remote legal access by telephone and video-teleconference ("VTC") every weekday, during the morning and afternoon. The success rate for placed calls and VTCs continues to be very high (*i.e.*, over 96% of scheduled calls placed over the most recent five weeks for which records are currently available, per Federal Defenders' call logs).[1]

---

[1] This figure includes multiple calls and VTCs flagged by Federal Defenders for which MDC Brooklyn logs reflect (among other things) that the detainee was not in the unit or facility at the time the call or VTC went forward, that the

*Fed. Defenders of N.Y., Inc. v. BOP, et al.*, No. 19-cv-660 (Brodie, Ch. J.) (Kuo, M.J.)
**Page 2**

In recent mediation sessions, the parties have discussed the availability of headphones for detainees when sound-related issues arise during VTCs. MDC maintains that headphones are available to detainees upon request, and that Legal Assistants have not reported any recent requests for headphones. Nevertheless, during recent mediation sessions, the parties have discussed the feasibility of a pilot program in which Legal Assistants assigned to the eighth floor will affirmatively offer headphones to detainees before their VTCs start. MDC's exploration of the feasibility of such a pilot is ongoing. Additionally, on May 20, 2025, telephone calls and VTCs were temporarily suspended on the eighth floor because of a security incident requiring staff attention, and MDC personnel made efforts to reschedule many of the affected calls and VTCs.

III.     Progress of Settlement Discussions

On March 24, 2025, Federal Defenders sent the Government a redline of its proposed edits to the settlement agreement. Those proposed edits are under review by the Government. The Government looks forward to continuing settlement discussions during upcoming mediation sessions.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     _____/s/_____

Dara A. Olds
David A. Cooper
Assistant U.S. Attorneys
(718) 254-6000
dara.olds@usdoj.gov
david.cooper4@usdoj.gov

cc:     Counsel of Record (By ECF)

Loretta E. Lynch, Esq.
Roberto Finzi, Esq.
Charlie Figueroa, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP

---

detainee was at an in-person legal visit at the time of the call or VTC, that the detainee refused to take the call or VTC, or that call logs reflect that the call or VTC otherwise went forward.