# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

DIRECT DIAL:     212.763.0883
DIRECT EMAIL:   shecker@heckerfink.com

June 11, 2025

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, et al.*, No. 19 Civ. 660 (MKB)

Dear Chief Judge Brodie:

      We write on behalf of the Federal Defenders to provide an update pursuant to the Court's order dated May 9, 2025.

      ***New Visitor Tracking Program.*** New BOP procedures for tracking visitor information—which include collecting and electronically storing identifying information from defense attorneys as they enter the MDC for legal visits—continue to cause confusion and significant delays for legal visits, seemingly because of internal communication and training issues. Plaintiff appreciates the opportunity to provide feedback to the MDC as the institution navigates delays and miscommunications during this implementation phase.

      ***Settlement Agreement.*** Plaintiff sent a redline of the latest draft settlement agreement to Defendants on March 24, 2025. Plaintiff is awaiting comments from Defendants, who have advised that the draft is going through the BOP's internal review process.

      ***Remote Access.*** The parties continue to discuss ongoing issues related to remote access. Lawyers seeking to conduct meetings with clients via video teleconference ("VTC") have reported frequent technical and audibility issues, as well as instances in which clients were not produced. Following an incident on May 6, 2025 in which a client was cut on the head by plexiglass covering the VTC unit while attempting to resolve audibility issues, the parties have resumed our work on ensuring headphones are made available to clients for legal VTCs. Over the past several weeks, clients and lawyers alike have requested headphones for VTCs from MDC staff and either have been told headphones are unavailable on the particular unit or clients have been provided with headphones that do not have the correct plug for the VTC units and, thus, are useless. Plaintiff has

shared with MDC in mediation specific details (including attorney name, client name and unit) of incidents on May 14, May 16, May 27, May 30, and June 6, 2025 when defense attorneys or their clients asked for headphones prior to their legal VTCs, and MDC staff advised that there were no headphones available.  On June 6, 2025, MDC staff provided a client with headphones that did not have the correct plug for the VTC unit.  Plaintiff appreciates the opportunity to raise and discuss these and other remote access issues as they arise.

*   *   *

We thank the Court for its continued attention to these important issues.

Respectfully submitted,

Sean Hecker

cc: Counsel of Record (by ECF)
Hon. Loretta Lynch, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Roberto Finzi, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)
Charlie Figueroa, Paul, Weiss, Rifkind, Wharton & Garrison LLP (by e-mail)