**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: +1 212 373 3118
EMAIL: LELYNCH@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

July 10, 2025

**VIA ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Federal Defenders of New York, Inc.* v. *Federal Bureau of Prisons, et al.*,
           No. 19-cv-00660 (E.D.N.Y.)

Dear Judge Brodie:

    I write to update the Court on the parties' ongoing efforts to address issues raised in this litigation through mediation.

**I.**    **Background**

    I have continued to receive call and videoconference data from the parties. I also continue to be in communication with the Federal Defenders, Inc. ("Plaintiff") and their counsel, the government, and representatives of the Metropolitan Detention Center ("MDC") and Metropolitan Correctional Center ("MCC").[1]

    My communications with the Federal Defenders and the government focused on the following topics:

    1.    The current status of in-person legal visitation at the MDC.

    2.    The execution of the current protocol for scheduling and placing attorney-client phone calls at the MDC.

---

[1] I held joint mediation calls with the parties on June 17, July 1, and July 8, 2025. Magistrate Judge Peggy Kuo attended the calls as well.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

## II. Telephonic Contact

The parties continue to schedule and facilitate legal phone calls under the Court Protocol for Attorney Calls and Teleconference Hearings. Pursuant to the Protocol, attorney-client calls are scheduled by Federal Defenders for afternoon slots of one-half hour each from 12pm to 3pm at the MDC. As Your Honor is aware, the parties have also made efforts to expand legal call hours beyond the times provided in the Protocol. *See* ECF Nos. 70 & 76.

According to information received from the parties, MDC scheduled 321 calls between June 12 and July 9, 2025. Of these 321 calls, 188 were completed, 18 were attempted but not completed, seven were cancelled or scheduled by the inmate's attorney, six were not completed because the inmate was on a different floor, one was not completed because the inmate was in the SHU, three were not completed because the inmate refused the call, three were not completed because the inmate had an in-person legal visit, one was not completed because the inmate had an in-person social visit, 14 were not completed because the specific attorney was restricted from calling the inmate, three were not completed because the wrong external phone number was provided, one was not completed because the inmate was in court, one was not completed because the "inmate appear[ed] to be under the influence," one was not completed because there was a "security incident," one was not completed because the inmate was "in transit," one was not completed because the inmate had a medical appointment, and one was not completed because the inmate was not at the institution. Finally, eight calls were not completed for unknown reasons, and we are unaware of the outcome for 63 calls. We are working with the parties to gather more information about these calls.

Additionally, Federal Defenders report some technical issues over the past four weeks.

## III. Videoconferencing

According to the information received from the parties, MDC scheduled 301 videoconferences between June 12 and July 9, 2025. Of these 301 VTCs, 209 were completed,[2] eight VTCs were completed as a call,[3] seven were cancelled or rescheduled by the inmate's attorney, three were not completed because the inmate refused the VTC, one was not completed because the inmate was in court, one was not completed because the inmate had an in-person legal visit, two were not completed because the inmate was on a different floor, three were not completed because the inmate was in the SHU, and four were not completed because the inmate was not at the institution. Finally, three VTCs were not completed for unknown reasons, and we are unaware of the outcome for 68 VTCs. We are working with the parties to gather more information about these VTCs.

Again, Federal Defenders report some technical issues with VTCs over the past four weeks.

## IV. In-Person Visiting

---

[2] The Federal Defenders reported three of these VTCs as not completed.
[3] The parties reported that these VTCs were switched to a call because of technical issues.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

   The parties continue to discuss the tracking of attorney wait times, and the MDC continues to collect and maintain attorney-generated data on wait times.  Although incomplete because of limited attorney participation in the data-gathering process, this data is available should the need to track specific wait times arise.  The parties continue to discuss ways to efficiently collect and store the data and to increase participation by defense counsel in the necessary record keeping.

   The parties continue to discuss issues related to the implementation of procedures regarding legal access.  Most recently, the institution finalized a legal access guide for use at the institution on August 30, 2024, which Federal Defenders provided various proposals for throughout the drafting process.  The guide covers a variety of areas that are the subject of our discussion during the mediation calls, which we hope will improve communication at the institution and provide clear instructions.  As of December 13, 2024, hard copies of the legal access guide are available in the institution's East and West buildings.  An electronic copy of the legal access guide is now available on the MDC's website as well.

   Additionally, the parties continued discussions concerning MDC's new visitor tracking program, which aims to compile information from visitors and reduce wait-times associated with entry to the institution.  Following the program's launch in mid-April 2025, Federal Defenders reported delays for certain legal visits.  MDC responded that these delays were associated with the initial information collection process for the new system, which should expedite visitors' entry moving forward.  Most recently, several attorneys reportedly experienced lengthy wait-times at MDC's entrance in early July 2025.  The institution explained that it will continue to address these issues as they arise and noted that quarterly staffing changes and training occur as well.  During recent mediation discussions, we separately suggested that the attorneys use the time-stamped form system in place at MDC as a way to better track the wait-time issue moving forward.  The parties will continue to discuss the new program during its implementation and as any issues arise.

   With respect to ICE detainees and surrounding legal access issues for them, the ICE website sets forth processes for attorneys to use, which is separate from the pre-trial detainee system. Counsel have reported delays in seeing their ICE clients, which have been relayed to the MDC both on our calls and separately.  In response, MDC has directed legal visitors to the ICE website for specific information on how to visit and communicate with ICE clients.

   The parties have also discussed ongoing technical issues with telephones and VTC equipment in various units over the past several weeks, which are investigated regularly by the institution's staff.  In response to recent and repeated complaints about lack of headphone availability for VTCs, the institution is creating a temporary program where MDC staff bring headphones to the 8th floor and offer them to inmates.

   Additionally, the parties are engaged in a review of the latest draft settlement agreement.  I will continue to discuss these and other issues with the parties.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

      Respectfully,

      /s/ Loretta E. Lynch
      Loretta E. Lynch

cc: Sean Hecker, Hecker Fink LLP
   Dara A. Olds, U.S. Attorney's Office (E.D.N.Y.)
   David A. Cooper, U.S. Attorney's Office (E.D.N.Y.)