PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Loretta Lynch**
**Direct Dial:** +1 212 373 3118
**Email:** lelynch@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

July 9, 2026

**VIA ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Federal Defenders of New York, Inc.* v. *Federal Bureau of Prisons, et al.*,
No. 19-cv-00660 (E.D.N.Y.)

Dear Judge Brodie:

I write to update the Court on the parties' ongoing efforts to address issues raised in this litigation through mediation.

## I. Background

I have continued to receive call and videoconference data from the parties. I also continue to be in communication with the Federal Defenders, Inc. ("Plaintiff") and their counsel, the government, and representatives of the Metropolitan Detention Center ("MDC") and Metropolitan Correctional Center ("MCC").[1]

My communications with the Federal Defenders and the government focused on the following topics:

1. The current status of in-person legal visitation at the MDC.

2. The execution of the current protocol for scheduling and placing attorney-client phone calls at the MDC.

[1] I held joint mediation calls with the parties on June 30 and July 7. In addition, I held a separate call with Plaintiff on June 16 and a separate call with Defendants on June 24. Magistrate Judge Peggy Kuo attended the calls on June 24, June 30, and July 7.

## II. Telephonic Contact

The parties continue to schedule and facilitate legal phone calls under the Court Protocol for Attorney Calls and Teleconference Hearings. Pursuant to the Protocol, attorney-client calls are scheduled by Federal Defenders for afternoon slots of one-half hour each from 12pm to 3pm at the MDC. As Your Honor is aware, the parties have also made efforts to expand legal call hours beyond the times provided in the Protocol. *See* ECF Nos. 70 & 76.

According to information received from the parties, MDC scheduled 188 calls between June 11, 2026 and July 8, 2026.[2] Of these 188 calls, 93 were completed,[3] seven were attempted but not completed, one was cancelled by the inmate's attorney, one was not completed because the inmate refused, two were not completed because the inmate was moved to a different floor, one was not completed because the inmate was moved to the SHU, four were not completed due to technical difficulties, one was not completed due to the inmate being on a hospital trip, five were not completed because the inmate had a legal visit, and one was not completed because there was "no ceiling wall." Finally, three calls were not completed for unknown reasons, and we are unaware of the outcome for 69 calls. We are working with the parties to gather more information about these calls.

Additionally, Federal Defenders report some technical issues over the past four weeks.

## III. Videoconferencing

According to the information received from the parties, MDC scheduled 614 videoconferences between June 11, 2026 and July 8, 2026.[4] Of these 614 VTCs, 365 were completed,[5] five were cancelled by the inmate's attorney,[6] 11 were not completed because the inmate refused, one was attempted but not completed, three were not completed because the attorney did not appear, two were not completed due to an emergency in the SHU, two were not completed because the inmate was no longer in the SHU,[7] seven were not completed because the inmate had a legal visit, two were not completed because the inmate had a co-defendant meeting, one was not completed because the attorney was unable to convert to a call, one was not completed due to a flood in the VTC room, one was not completed because the call was "missed by the legal assistant,"[8] two were not completed due to technical difficulties, one was not completed because the inmate was in the SHU, two were not completed because the inmate was on a hospital trip, two were not completed because the inmate was in court, one was not completed because of a "kick-out list," and one was not completed because the inmate appeared to "be on unknown substance."[9]

---

[2] This does not include call logs from Federal Defenders for the June 18 through June 19 timeframe.
[3] The Federal Defenders reported three of these calls as not completed.
[4] This does not include VTC logs from Federal Defenders for the June 18 through June 19 timeframe
[5] The Federal Defenders reported three of these VTCs as not completed.
[6] MDC reported that two of these VTCs were rescheduled.
[7] The Federal Defenders reported one of these calls as completed.
[8] MDC reported that this call was rescheduled.
[9] MDC reported that this call was rescheduled.

Finally, seven VTCs were not completed for unknown reasons, and we are unaware of the outcome for 197 VTCs. We are working with the parties to gather more information about these VTCs.

Again, Federal Defenders report some technical issues with VTCs over the past four weeks.

**IV. In-Person Visiting**

The parties continue to discuss the tracking of attorney wait times, and the MDC continues to collect and maintain attorney-generated data on wait times. Although incomplete because of limited attorney participation in the data-gathering process, this data is available should the need to track specific wait times arise. The parties continue to discuss ways to efficiently collect and store the data and to increase participation by defense counsel in the necessary record keeping.

The parties continue to discuss issues related to the implementation of procedures regarding legal access. Most recently, the institution finalized a legal access guide for use at the institution on August 30, 2024, which Federal Defenders provided various proposals for throughout the drafting process. The guide covers a variety of areas that are the subject of our discussion during the mediation calls, which we hope will improve communication at the institution and provide clear instructions. As of December 13, 2024, hard copies of the legal access guide are available in the institution's East and West buildings. An electronic copy of the legal access guide is now available on the MDC's website as well.

Additionally, the parties continue to discuss technical issues with telephones and VTC equipment in various units, which are investigated regularly by the institution's staff. Recently, Federal Defenders reported connectivity issues in Units 43, 61, 62, and the SHU. The parties have agreed to conduct a test call in Unit 62 to troubleshoot technical issues.

The parties are continuing to discuss Defendants' proposal for a new scheduling system for legal calls and VTC. Most recently, Plaintiff submitted written concerns and suggestions for implementation, which Defendants are reviewing. The parties anticipate further discussions regarding the new scheduling system.

The parties appeared for an in-person mediation session on May 21, 2026 and are continuing to review the terms of the settlement agreement to make progress on the remaining issues. I have proposed an additional in-person mediation session, and am coordinating with the parties to schedule that session. I will continue to discuss these and other issues with the parties.

Respectfully,

/s/ Loretta E. Lynch
Loretta E. Lynch

cc: Sean Hecker, Hecker Fink LLP
David A. Cooper, U.S. Attorney's Office (E.D.N.Y.)
Artemis Lekakis, U.S. Attorney's Office (E.D.N.Y.)